# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Smith, 2013 IL App (3d) 110738**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICKEY D. SMITH, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0738 |
| Filed | August 2, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction and sentence for first degree murder pursuant to a plea agreement were reversed and the cause was remanded to allow defendant to withdraw his plea and proceed to trial, if he chooses, since his plea agreement and sentence were void due to the lack of an admonishment about the mandatory firearm enhancement and the failure to include the enhancement in his sentence, even though the indictment and factual basis for the plea established that defendant used a firearm in killing the victim. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 10-CF-1345; the Hon. Amy M. Bertani-Tomczak, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |

Counsel on Appeal

Kerry J. Bryson, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (Terry A. Mertel and Nadia L. Chaudhry, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE SCHMIDT delivered the judgment of the court, with opinion

Justice Carter specially concurred, with opinion, joined by Presiding Justice Wright.

## OPINION

¶ 1    Pursuant to a fully negotiated plea agreement, defendant, Mickey D. Smith, pled guilty to first degree murder (720 ILCS 5/9-1(a)(2) (West 2010)) and was sentenced to 30 years' imprisonment. Defendant appeals from the summary dismissal of his postconviction petition, arguing that he presented the gist of a constitutional claim that his sentence is void. We reverse and remand.

¶ 2                                    FACTS

¶ 3    On May 4, 2011, defendant entered into a fully negotiated plea agreement, in which he pled guilty to one count of first degree murder. 720 ILCS 5/9-1(a)(2) (West 2010). The indictment and factual basis for the plea established that on June 29, 2010, defendant shot and killed Douglas White with a handgun. During the admonitions, the trial court advised defendant that the State was withdrawing its notice of intent to seek a firearm enhancement of 25 years. See 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2010). Defendant was then advised that he was eligible for a sentence of 20 to 60 years' imprisonment. Defendant's plea was accepted, and the court sentenced defendant to the agreed 30 years' imprisonment. Defendant did not pursue a direct appeal.

¶ 4    On August 16, 2011, defendant filed a *pro se* postconviction petition, alleging that his guilty plea should be vacated under *People v. White*, 2011 IL 109616. Defendant alleged that his plea agreement and sentence were void because he was neither admonished of, nor did his sentence include, the mandatory firearm enhancement, which was statutorily required based on the factual basis for his plea. The trial court summarily dismissed defendant's petition as frivolous and patently without merit, noting that defendant received the benefit of his plea agreement when the State withdrew its intent to seek the firearm enhancement. Defendant filed a motion to reconsider, which the trial court denied. Defendant appeals.

-2-

¶ 5                                   ANALYSIS

¶ 6          On appeal, defendant contends that his plea agreement and 30-year sentence are void because they do not conform to statutory requirements. Specifically, defendant argues that because the indictment and factual basis for his plea assert that he personally discharged a firearm during the commission of the offense, the trial court was required to impose a 25-year firearm enhancement, thereby requiring him to serve a minimum of 45 years' imprisonment.

¶ 7          The Post-Conviction Hearing Act provides for a three-stage review process for the adjudication of postconviction petitions. 725 ILCS 5/122-1 *et seq.* (West 2010); *People v. Hodges*, 234 Ill. 2d 1 (2009). At the first stage, the trial court must independently determine whether the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2010). The petition's allegations, liberally construed and taken as true, need only present the gist of a constitutional claim. *People v. Harris*, 224 Ill. 2d 115 (2007). We review the first-stage dismissal of a postconviction petition *de novo*. *People v. Morris*, 236 Ill. 2d 345 (2010).

¶ 8          Section 5-8-1(a)(1)(d)(iii) of the Unified Code of Corrections sets out a sentencing enhancement for use of a firearm and provides that if, during the commission of the offense, defendant personally discharged a firearm that proximately caused death to another, 25 years shall be added to the term of imprisonment. 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2010). The indictment and factual basis for defendant's plea revealed that he shot and killed the victim with a firearm.

¶ 9          Defendant relies on *White*, 2011 IL 109616, to support his claim that his 30-year sentence is void because it did not include the mandatory firearm enhancement. In *White*, our supreme court held that the trial court must impose the firearm enhancement as part of the sentence where the factual basis supports it, regardless of whether the parties excluded the enhancement in the plea agreement. *Id.* ¶¶ 23-27. The court held that because defendant's sentence did not include the mandatory sentencing enhancement, which was required based on the factual basis for the plea, the sentence did not conform to the statutory requirements and was therefore void. *Id.* ¶¶ 21, 29. Additionally, the court noted that because defendant was not properly admonished regarding the enhancement, his entire plea agreement was also void. *Id.* ¶ 21.

¶ 10         Here, the factual basis for defendant's plea referred to defendant's use of a firearm, which caused the victim's death. Thus, under the firearm enhancement statute, the trial court was required to add 25 years to the 20-year minimum sentence defendant faced for first degree murder, thereby requiring a minimum sentence of 45 years. See 730 ILCS 5/5-4.5-20(a)(1), 5-8-1(a)(1)(d)(iii) (West 2010); *White*, 2011 IL 109616. Since defendant's 30-year sentence fell below the mandatory minimum sentence, his sentence is void. See *White*, 2011 IL 109616. Here, there was no admonishment about the firearm enhancement because it was understood by all that the State was seeking a sentence without the enhancement and defendant understood that his sentence would not include the enhancement.

¶ 11         The State, noting that *White* was issued after this case was decided in the trial court,

relies on *People v. Avery*, 2012 IL App (1st) 110298, to claim that *White* announced a new rule of law and thus cannot be applied retroactively to the instant case. In *Avery*, the court found that prior to *White*, the law was unclear as to whether the State could negotiate pleas that did not include the firearm enhancement, even where the indictment and factual basis for the plea included the use of a firearm in the commission of the offense. *Avery*, 2012 IL App (1st) 110298. The court emphasized the lack of clarity by citing to its prior ruling on defendant's direct appeal, where the court held that defendant's sentence was not void, even though the factual basis supported an enhancement that was not imposed. *Id.* ¶ 39. The court claimed that *White* created a new rule, not dictated by existing case law, when it mandated the application of a firearm enhancement any time the factual basis for the guilty plea supports it. *Id.* ¶¶ 39-40.

¶ 12     We respectfully disagree with *Avery*. As set out in *Avery*, " 'a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government.' " *Avery*, 2012 IL App (1st) 110298, ¶ 37 (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). *White* did not break new ground or impose a new obligation. Instead, *White* specifically relied upon existing precedent, which set out the long-standing rule that courts are not authorized to impose a sentence that does not conform to statutory guidelines, because a sentence not authorized by law is void. See *People v. Whitfield*, 228 Ill. 2d 502 (2007); *People v. Harris*, 203 Ill. 2d 111 (2003); *People v. Pullen*, 192 Ill. 2d 36 (2000); *People v. Arna*, 168 Ill. 2d 107 (1995); *People v. Wade*, 116 Ill. 2d 1 (1987). Thus, even without *White*, in applying the rules of law that existed at the time defendant's conviction became final, his sentence is void because it fell below the mandatory minimum. See *People v. Torres*, 228 Ill. 2d 382 (2008) (noting that a sentence is void when it falls outside the lawful sentencing range required by a firearm enhancement); *People v. Thompson*, 209 Ill. 2d 19 (2004) (holding that a court has no authority to impose a sentence that is not authorized by statute); *People ex rel. Ryan v. Roe*, 201 Ill. 2d 552 (2002) (holding that a sentence agreed to by the parties and imposed by the trial court is void when in violation of a statute).

¶ 13     Furthermore, the majority and concurring opinion in *White* lead us to believe that a new rule was not created. The court emphasized that the State has always retained the authority to negotiate around the mandatory sentence enhancement, but must do so by amending the indictment and presenting a factual basis that does not include any allegations that would invoke the enhancement. *White*, 2011 IL 109616; *id.* ¶ 41 (Theis, J., specially concurring). We also find support for our position in *People v. Cortez*, 2012 IL App (1st) 102184, and *People v. Hubbard*, 2012 IL App (2d) 120060. In *Cortez*, the court relied on *White* to vacate a plea agreement that contained unauthorized sentencing credit. *Cortez*, 2012 IL App (1st) 102184. Similarly, in *Hubbard*, the court followed the principles of *White* when it held that the State and a defendant have the right to negotiate what facts are presented to the court in support of a plea agreement, but those facts must be statutorily consistent with the agreed sentence. *Hubbard*, 2012 IL App (2d) 120060. Although the court did not expressly rely on *White* to grant relief, it suggested that the holding in *White* did not create a new rule, as it applied the rule of law established in *Arna*, 168 Ill. 2d 107. See *Hubbard*, 2012 IL App (2d) 120060.

¶ 14     Accordingly, we conclude that *White* did not create a new rule of law and is therefore

applicable to the instant case. In finding that defendant's sentence is clearly void for noncompliance with the mandatory sentencing enhancement, we need not remand for further postconviction proceedings on this issue. See *People v. Jimerson*, 166 Ill. 2d 211 (1995) (finding that remand for further postconviction proceedings unnecessary where the error is plain from the record). Instead, we remand this cause to the trial court with directions to allow defendant to withdraw his guilty plea and proceed to trial, if he chooses.

¶ 15        While the law compels this result, the author (and as is made clear by the special concurrence, only the author) is less than satisfied with the result. As the trial court pointed out in dismissing defendant's postconviction petition, defendant received the benefit of his plea agreement (or would have, had the sentence not been void). The State made it clear that it was not seeking a firearm enhancement as part of the plea negotiation. In *White*, the supreme court pointed out (specifically Justice Theis in her special concurring opinion) the State needed to do more than state it was not seeking the mandatory firearm enhancement; it needed to amend the indictment and present a factual basis that did not include a reference to a firearm. *White*, 2011 IL 109616, ¶ 41 (Theis, J., specially concurring). Therefore, because the State failed to amend the indictment and rephrase the factual basis of the plea to conform to what clearly was the agreement of the parties, this sentence is void; because it is void, this sentence can be attacked at any time. This scenario raises the spectre of some real mischief that might be lurking in the bushes. We have no idea how many other such void sentences based upon knowing agreements between the State and defendants are out there. It seems reasonable to assume that there are a number of them. A defendant incarcerated under such an agreement can wait until he knows that a key witness or witnesses have disappeared and then raise this argument in a postconviction petition, knowing that the State's chances of convicting him of the offense to which he pled guilty are greatly reduced, if not totally obviated. This does not seem like a happy circumstance. The supreme court recently acknowledged this problem in *People v. Donelson*, 2013 IL 113603, ¶ 17. However, in *Donelson*, the court was able to make the agreed sentence fit within statutory guidelines. Here, because of the State's failure to amend the indictment and factual basis, we cannot do the same.

¶ 16        If able, I would send this case back to the trial court and give the State the opportunity to conform the indictment and factual basis for the plea agreement to the original plea agreement. Then if, and only if, the State would refuse to amend the indictment and factual basis would I instruct the trial court to allow defendant to withdraw his guilty plea and proceed to trial. There is no prejudice to a defendant in this approach since it gives defendant exactly that for which he or she bargained. Had the State simply amended the indictment and the factual basis from "defendant shot the victim," to "defendant intentionally murdered the victim," the sentence would not be void. Again, by allowing the State to amend the indictment and factual basis for the plea, we would be doing nothing more than conforming the record to actually reflect what was clearly the agreement between defendant and the State. This would visit no prejudice upon defendant and would obviate the risks associated with allowing a defendant to withdraw a knowing plea after the passage of time. It also seems that this approach would do nothing to further escalate the natural tension that exists between the General Assembly's power to prescribe penalties, even mandatory penalties, and the State's

Attorney's exclusive discretion with respect to what charges, if any, to prosecute. Just a thought.

¶ 17                                          CONCLUSION

¶ 18        For the foregoing reasons, the judgment of the circuit court of Will County is reversed, and the cause is remanded with directions.

¶ 19        Reversed and remanded with directions.

¶ 20        JUSTICE CARTER, specially concurring.

¶ 21        I agree with the conclusion that this case should be reversed and remanded with directions to allow the defendant to withdraw his guilty plea and to proceed to trial, if he so chooses. However, I write separately to clarify that I do not join in paragraphs 15 and 16 of the lead opinion.

¶ 22        PRESIDING JUSTICE WRIGHT joins in this special concurrence.