# Illinois Official Reports

## Supreme Court

---

### *People v. Smith*, 2015 IL 116572

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MICKEY D. SMITH, Appellee. |
| Docket No. | 116572 |
| Filed | February 5, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In 2011, the Illinois Supreme Court held that, if a mandatory sentence enhancement is called for by the factual basis of a plea agreement accepted by the trial court, that enhancement must be imposed even if not included in the plea agreement; but it was proper to summarily dismiss a postconviction petition challenging a sentence as void under this decision where it was not retroactive because it announced a new rule of law after the conviction at issue was final and was not a "watershed" ruling impacting the conviction's accuracy. |
| Decision Under Review | Appeal from the Appellate Court for the Third District; heard in that court on appeal from the Circuit Court of Will County, the Hon. Amy Bertani-Tomczak, Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Circuit court judgment affirmed. |

| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and James W. Glasgow, State's Attorney, of Joliet (Carolyn E. Shapiro, Solicitor General, and Michael M. Glick and Stephen M. Soltanzadeh, Assistant Attorneys General, of Chicago, and Patrick Delfino, Terry A. Mertel and Nadia L. Chaudhry, of the Office of the State's Attorneys Appellate Prosecutor, of Ottawa, of counsel), for the People. |
| --- | --- |
| | Michael J. Pelletier, State Appellate Defender, Peter A. Carusona, Deputy Defender, and Mario Kladis, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee. |
| Justices | JUSTICE BURKE delivered the judgment of the court, with opinion. |
| | Chief Justice Garman and Justices Freeman, Thomas, Kilbride, Karmeier, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1 In *People v. White*, 2011 IL 109616, this court held that when the factual basis for a plea agreement which is accepted by the circuit court establishes that the defendant is subject to a mandatory sentencing enhancement, the court must impose it, even if the plea agreement between the State and the defendant included the condition that the State would not pursue the enhancement. At issue in this appeal is whether our holding in *White* applies retroactively to convictions which were final at the time *White* was decided. We conclude that it does not.

¶ 2                                    BACKGROUND

¶ 3 The defendant, Mickey D. Smith, was charged in a three-count indictment with the first degree murder of Douglas White. Count I alleged that defendant, without lawful justification and with intent to cause great bodily harm, shot White in the back with a handgun thereby causing his death. See 720 ILCS 5/9-1(a)(1) (West 2010). Count II alleged that defendant shot White with a handgun without justification knowing such act created a strong probability of death or great bodily harm. See 720 ILCS 5/9-1(a)(2) (West 2010). Count III alleged that defendant was an armed habitual criminal. See 720 ILCS 5/24-1.7 (West 2010). Subsequently, the State filed a "Notice of Intent to Enhance Sentencing Upon Conviction" in which it indicated that it intended to seek a sentencing enhancement of 25 years to natural life imprisonment on the ground that defendant murdered White by discharging a firearm. See 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2010).

¶ 4 As part of a negotiated plea agreement, defendant pleaded guilty to first degree murder under count II. In exchange, the State dismissed counts I and III, recommended a sentence of 30 years' imprisonment, and withdrew its notice of intent to seek the firearm sentencing

enhancement. The factual basis presented by the State in support of the plea established that defendant, while armed with a handgun, entered a garage where White was found. Once inside the garage, defendant fired a single shot, killing White. During admonitions, the circuit court advised defendant that the State was withdrawing its notice of intent to seek the firearm enhancement and that defendant was therefore eligible for a sentence of 20 to 60 years. The circuit court accepted defendant's guilty plea and imposed a sentence of 30 years' imprisonment. Defendant did not file a direct appeal.

¶ 5        Defendant thereafter filed a *pro se* postconviction petition in which he alleged that his sentence and guilty plea were void under this court's decision in *White*, 2011 IL 109616, because his sentence did not include the statutory firearm enhancement. The circuit court of Will County summarily dismissed the petition as frivolous or patently without merit. Defendant appealed.

¶ 6        The appellate court reversed and remanded. 2013 IL App (3d) 110738. The appellate court concluded that defendant's sentence and plea were void under *White* because the factual basis for defendant's plea established that a firearm was used in the murder, thereby requiring the imposition of the firearm sentencing enhancement (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2010)). The appellate court noted that the firearm enhancement statute required a 25-year prison term in addition to the minimum 20-year prison term for murder and, thus, the minimum required sentence for defendant's crime was 45 years' imprisonment. Defendant's 30-year term fell below that statutory minimum and, therefore, according to the appellate court, was unauthorized and void.

¶ 7        In so holding, the appellate court rejected the State's argument that *White* did not apply to defendant's case under the rationale of *Teague v. Lane*, 489 U.S. 288 (1989), which was adopted by this court in *People v. Flowers*, 138 Ill. 2d 218 (1990). *Teague* provides that, with two exceptions, a new rule of criminal procedure does not apply to cases that are already final at the time the judicial decision establishing the new rule is entered. Defendant's conviction was final at the time *White* was decided, but the appellate court concluded that *White* did not establish a new rule of law. The appellate court determined that "*White* did not break new ground or impose a new obligation," but merely "relied upon existing precedent, which set out the long-standing rule that courts are not authorized to impose a sentence that does not conform to statutory guidelines, because a sentence not authorized by law is void." 2013 IL App (3d) 110738, ¶ 12. Finding that *White* did not establish a new rule, the appellate court concluded that it applied to defendant's conviction. The appellate court therefore reversed the judgment of the circuit court and remanded the cause to permit defendant to withdraw his guilty plea and proceed to trial. The State subsequently filed a petition for leave to appeal in this court which we allowed. Ill. S. Ct. R. 315 (eff. July 1, 2013).

¶ 8                                          ANALYSIS

¶ 9        The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2010)), "provides a method by which persons under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both." *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). Petitions filed under the Act are reviewed in three stages. *Id*. at 10. At the first stage, the circuit court must independently review the petition to determine whether it is "frivolous or is patently

without merit." 725 ILCS 5/122-2.1(a)(2) (West 2010). If the court determines that the petition is either frivolous or patently without merit, the court must dismiss the petition in a written order. 725 ILCS 5/122-2.1(a)(2) (West 2010). We review *de novo* the circuit court's summary dismissal of a postconviction petition. *People v. Morris*, 236 Ill. 2d 345, 354 (2010).

¶ 10　　Initially, the State contends that *White* did not establish a constitutional rule of criminal procedure. Therefore, according to the State, defendant's petition does not present a constitutional claim which is cognizable under the Act and the circuit court properly dismissed the petition.

¶ 11　　In *White*, the defendant pleaded guilty to first degree murder and possession of contraband, and was sentenced to consecutive prison terms of 28 years for murder and 4 years for possession. *White*, 2011 IL 109616, ¶ 4. The factual basis for the defendant's plea established that the victim was shot with a handgun. *Id*. ¶ 6. On direct appeal in this court, the defendant argued that his sentence was void because it did not include a mandatory firearm enhancement (730 ILCS 5/5-8-1(a) (West 2004)). The State maintained, however, that the parties' plea agreement had included the condition that the enhancement would not be included. We thus identified the issue presented as follows: "When the factual basis entered for a guilty plea makes it clear that a defendant is subject to a mandatory sentencing enhancement, may the trial court enter judgment imposing a sentence that does not include the enhancement on the basis that the enhancement was excluded by the parties from the plea agreement?" *White*, 2011 IL 109616, ¶ 1. We answered that question in the negative.

¶ 12　　We first noted the circuit court has no authority to impose a sentence that does not conform to statutory guidelines and, thus, exceeds its authority when it orders a lesser or greater sentence. "In such a case, the defendant's sentence is illegal and void." *Id*. ¶ 20 (citing *People v. Arna*, 168 Ill. 2d 107, 113 (1995)). We then pointed out that the legislature had imposed a specific requirement upon the circuit court for an enhanced sentence when a firearm was used in the offense at issue. *Id*. ¶ 21. Because the factual basis accepted by the court established that a firearm had been used, and because defendant's sentence did not include the statutory enhancement, we concluded the sentence was void. Moreover, because the defendant had not been properly admonished as to the proper sentencing range, his plea agreement also had to be set aside. *Id*.

¶ 13　　The State maintained, however, that the general rule prohibiting a sentence outside the statutory sentencing range did not control where the parties agreed not to include the enhancement. We disagreed, finding that "[e]ven when a defendant, prosecutor, and court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law." (Internal quotation marks omitted.) *Id*. ¶ 23.

¶ 14　　The State further contended that because it has the exclusive discretion to decide which criminal charges shall be brought, or whether to prosecute at all, it had the authority to negotiate a sentence that did not include the enhancement. We again disagreed. We did not dispute that the State has the discretion to decide what charges to bring, nor did we dispute that the State's discretionary authority permits it to negotiate away a firearm enhancement when separate offenses are involved, such as when a defendant is charged with robbery rather than armed robbery. *Id*. ¶ 25. However, we noted that unlike robbery and armed robbery, which are distinct offenses, first degree murder is a single offense and there is no separate offense of "armed murder" or "enhanced murder." *Id*. ¶ 26. Further, in enacting the sentencing

- 4 -

enhancement, the legislature took away any discretion the State and courts had to fashion a sentence that did not include the enhancement with respect to murder. *Id*.

¶ 15 Finally, we rejected the State's argument that, pursuant to *People v. Summers*, 291 Ill. App. 3d 656 (1997), it could concede a version of the facts which would fail to acknowledge that a firearm had been used in the commission of the underlying offense and then make sentencing concessions based on those facts. We determined that the version of facts agreed to by the State in *White* and presented in the factual basis for the plea established that a firearm had been used in the commission of the murder. Thus, the mandatory enhancement had been triggered. *White*, 2011 IL 109616, ¶ 27.

¶ 16 Having rejected the State's arguments, we concluded: "Defendant pled guilty to committing the offense of first degree murder and the factual basis provided to the court in support of defendant's plea made it clear that a firearm was used in the commission of the offense. Under these circumstances, the legislature has mandated that an additional period of 15 years must be added to the sentence. Thus, the trial court could not impose a sentence that did not include the 15-year mandatory enhancement." *Id*. ¶ 29. We therefore remanded the cause with directions to allow the defendant to withdraw his guilty plea and proceed to trial if he so chose.

¶ 17 We agree with the State that *White* did not establish a rule of constitutional procedure. *White* did not rely on any constitutional provision in reaching its result. Thus, the *White* rule cannot be characterized as a constitutional rule for postconviction purposes.

¶ 18 Nevertheless, defendant maintains that, even if *White* did not announce a constitutional rule, he may still rely on that decision to obtain relief in this case. Defendant notes that, under *People v. Thompson*, 209 Ill. 2d 19 (2004), a void sentencing order may be challenged in a postconviction proceeding. *Id*. at 27 ("Defendant's argument that the extended-term portion of his sentence is void does not depend for its viability on his postconviction petition."). Further, according to defendant, *White* simply reaffirmed the principle that a sentence which does not conform to statutory requirements is void. Thus, defendant maintains he may rely on *White* here and, in accordance with that decision, his sentence and plea must be set aside. The analysis, however, is not so simple.

¶ 19 Our decision in *White* did rest, in part, on the principle that a sentence which is not authorized by statute is void. However, *White* also rested on another, equally important, threshold principle. *White* held that a circuit court may not disregard a fact, such as the use of a firearm, that requires the imposition of a statutory sentencing enhancement if that fact is included in the factual basis accepted by the court. This is true, *White* concluded, even if the plea agreement between the State and the defendant included the condition that the State would not pursue the enhancement. This legal principle must have been in effect at the time defendant's sentence was entered in this case in order for him to be entitled to relief. This is so because if, at the time defendant was sentenced, the circuit court could properly have disregarded the fact that a firearm was used in the murder to which defendant pleaded guilty, then there would have been nothing unlawful about defendant's sentence. His sentence would have conformed to statutory requirements and would not be void.

¶ 20 There is no dispute that the principle which holds that a statutorily unauthorized sentence is void was in effect when defendant was convicted and sentenced in this case. However, the State maintains that *White*'s holding that the circuit court may not disregard the fact that a

firearm was included in the factual basis for the plea was a new rule of criminal procedure which was not governing law at the time defendant was convicted. The State also asserts that, if *White* announced a new rule, that rule should not be applied to defendant. In short, the State contends that the rule announced in *White* does not apply retroactively to convictions and sentences, such as defendant's, that were final at the time *White* was decided. Thus, in order to answer whether defendant may challenge his sentence as void in this proceeding, we must first determine whether *White* applies retroactively to his case.

¶ 21 Before addressing that question, we note that in its reply brief, the State for the first time raises an alternative argument for denying defendant relief. The State points out that the principle that a statutorily unauthorized sentence is void, or the "void sentence rule," rests on the idea that a sentencing court's failure to comply with a statutory sentencing provision deprives the court of "inherent power" or jurisdiction, thus rendering the sentence entered void. See, *e.g.*, *People v. Wade*, 116 Ill. 2d 1, 5-7 (1987). The State contends that this concept of jurisdiction is outdated in light of a series of civil decisions from this court which have held that the "inherent power" definition of jurisdiction applies solely to courts of limited jurisdiction and administrative agencies. See, *e.g.*, *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 530 (2001); *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 338 (2002). The State acknowledges that these civil decisions expressly noted that criminal proceedings involving the power to render judgments or sentences address a separate set of concerns not present in civil matters. See *Steinbrecher*, 197 Ill. 2d at 532. However, the State contends that the void sentence rule can no longer stand and, for this reason, defendant's sentence and plea are not void and he is not entitled to relief.

¶ 22 Supreme Court Rule 341(h)(7) (Ill. S. Ct. R. 341(h)(7) (eff. July 1, 2008)), provides that points not argued in an appellant's opening brief "are waived and shall not be raised in the reply brief." The State's argument that the void sentence rule should be overturned is not properly before us. Further, retroactivity is a "threshold question" considered before determining whether relief is warranted on the merits. *Teague*, 489 U.S. at 300; *Morris*, 236 Ill. 2d at 355. Whether the principle that a statutorily unauthorized sentence is void should be overturned would not require resolution if we were to conclude that *White* announced a new rule that does not apply on collateral review. Accordingly, we turn to whether *White* applies retroactively.

¶ 23 The appellate court below applied the test set forth in *Teague* to determine whether *White* should be applied to defendant's conviction. Although *Teague* addressed the retroactivity of constitutional rules, the United States Supreme Court has indicated that the *Teague* framework applies to nonconstitutional rules as well. *Schriro v. Summerlin*, 542 U.S. 348, 351-52 (2004). Other courts have held so expressly. See, *e.g.*, *Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013); *United States v. Martinez*, 139 F.3d 412, 417 n.* (4th Cir. 1998) ("[I]t would be anomalous to apply new rules of statutory interpretation retroactively, but not new constitutional rules, when collateral relief for statutory errors is more circumscribed than for errors of constitutional magnitude."); *Sanabria v. United States*, 916 F. Supp. 106, 111 (D.P.R. 1996); *Abreu v. United States*, 911 F. Supp. 203, 207 n.5 (E.D. Va. 1996) (and cases cited therein); *cf. People v. Hickey*, 204 Ill. 2d 585, 627-29 (2001) (concluding that new supreme court rules did not fall under the "watershed rule[s]" exception of *Teague*).

¶ 24 Under *Teague*, a judicial decision that establishes a new rule applies to all criminal cases pending on direct review. *Schriro*, 542 U.S. at 351; *People v. Davis*, 2014 IL 115595, ¶ 36. However, with two exceptions, the new rule will not apply retroactively to convictions which are already final at the time the new rule is announced. *Id*. "The purpose of the *Teague* framework is to promote the government's interest in the finality of criminal convictions (*Teague*, 489 U.S. at 309, 103 L. Ed. 2d at 355, 109 S. Ct. at 1074) and to validate 'reasonable, good-faith interpretations of existing precedents made by state courts even though they are shown to be contrary to later decisions' (*Butler v. McKeller*, 494 U.S. 407, 414, 108 L. Ed. 2d 347, 356, 110 S. Ct. 1212, 1217 (1990))." *People v. Sanders*, 238 Ill. 2d 391, 401 (2010). The retroactive application of " ' "rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect." ' [Citation.]" *Id.*

¶ 25 The Supreme Court has stated that a judicial decision announces a new rule when it breaks new ground or imposes a new obligation on the states or federal government. The rule must not be "dictated by precedent existing at the time the defendant's conviction became final." (Emphasis omitted.) *Teague*, 489 U.S. at 301. Further, "the fact that a court says that its decision is within the 'logical compass' of an earlier decision, or indeed that it is 'controlled' by a prior decision, is not conclusive for purposes of deciding whether the current decision is a 'new rule' under *Teague*." *Butler v. McKellar*, 494 U.S. 407, 415 (1990). Rather, a rule is new if, at the time it was decided, it was "susceptible to debate among reasonable minds." *Id*. A new rule is one " 'not *dictated* by precedent existing at the time the defendant's conviction became final' " (emphasis in original) (*Chaidez v. United States*, 568 U.S. ___, ___, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague*, 489 U.S. at 301)), and a rule is not dictated by precedent unless it would have been " 'apparent to all reasonable jurists' " (*id.* at ___, 133 S. Ct. at 1107 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997))).

¶ 26 Defendant does not dispute that his conviction was final at the time *White* was decided. We must therefore decide whether *White* announced a new rule. We note our appellate court is split on this question. Compare *People v. Greco*, 2014 IL App (1st) 112582, *People v. Young*, 2013 IL App (1st) 111733, and *People v. Avery*, 2012 IL App (1st) 110298 (all holding that *White* announced a new rule), with 2013 IL App (3d) 110738, and *People v. Cortez*, 2012 IL App (1st) 102184 (holding that *White* did not announce a new rule).

¶ 27 We conclude that *White* announced a new rule. We did not, in *White*, hold simply that a sentence which does not conform to statutory requirements is void. Rather, for the first time in *White*, we held that a circuit court may not disregard a fact that requires the imposition of a statutory sentencing enhancement if that fact is included in the factual basis accepted by the court. This is true even if the plea agreement between the State and the defendant included the condition that the State would not pursue the enhancement.

¶ 28 Cases prior to *White* had made clear that the State may not negotiate a sentence which is at odds with statutory requirements. If, for example, a statute requires that a sentence be subject to the "truth-in-sentencing" method for calculating good-conduct credit, the State may not negotiate a sentence as part of a plea agreement which does not include that method. *People ex rel. Ryan v. Roe*, 201 Ill. 2d 552 (2002). However, unlike the terms of a sentencing statute, which the State cannot alter, the State has the authority to negotiate the contents of the factual

basis presented to the circuit court in support of a plea agreement. Indeed, the State is free to concede to a set of facts which do not state that a firearm was used in the commission of the underlying offense. *People v. Summers*, 291 Ill. App. 3d 656 (1997). Further, Supreme Court Rule 402(c) (Ill. S. Ct. R. 402(c) (eff. July 1, 2012)), which requires the circuit court to determine that there is a factual basis for a guilty plea, does not address whether the circuit court may disregard any portion of the factual basis. See, *e.g.*, *People v. Jackson*, 199 Ill. 2d 286, 298-99 (2002) (noting that Rule 402(c) requires only that there appear on the record a basis from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty).

¶ 29    Given this background, it was uncertain, prior to *White*, whether the circuit court was required to give effect to a fact contained in the factual basis which would necessitate the imposition of a sentencing enhancement, such as the use of a firearm, if the parties had not agreed to the enhancement. A circuit court could have reasoned that the factual basis did not reflect the true intent of the parties to the plea agreement and, since the factual basis could have been altered by the State in any event, the court could permissibly disregard the presence of the firearm. In this way, the sentence would conform to statutory requirements. *White*, however, rejected this view and held that once the factual basis was accepted and made of record, the presence of the firearm could not be disregarded by the circuit court. To do so, *White* held, would render the legislature's intent in enacting the enhancement provision meaningless. *White*, 2011 IL 109616, ¶ 29.

¶ 30    *White* cited several cases in support of the principle that statutorily unauthorized sentences are void, but none of these cases addressed the circuit court's authority to disregard any portion of the factual basis. See *White*, 2011 IL 109616. These authorities, in short, did not "dictate[ ]" (*Teague*, 489 U.S. at 301) the answer in *White*. Moreover, we cannot say that, prior to *White*, it was " 'apparent to all reasonable jurists' " (*Chaidez*, 568 U.S. at ___, 133 S. Ct. at 1107 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997))) that the sentencing enhancement had to be given effect. Indeed, before *White*, numerous cases had arisen in which circuit courts assumed they could impose a sentence without the statutory enhancement even where the factual basis included the use of a firearm. See, *e.g.*, *People v. Garza*, 2014 IL App (4th) 120882; *People v. Young*, 2013 IL App (1st) 117333; 2013 IL App (3d) 110738; *People v. Deng*, 2013 IL App (2d) 111089; *People v. Miller*, 2012 IL App (4th) 110837-U; *People v. Cortez*, 2012 IL App (1st) 102184; *People v. Avery*, 2012 IL App (1st) 110298; *People v. McRae*, 2011 IL App (2d) 090798. We hold, therefore, that *White* announced a new rule.

¶ 31    Under *Teague*, a new rule does not apply retroactively to convictions which were final at the time the rule was announced except in two instances: (1) the new rule places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," and (2) the new rule requires the observance of "those procedures that ... are implicit in the concept of ordered liberty." *Teague*, 489 U.S. at 307.

¶ 32    The first exception clearly does not apply here. The rule announced in *White* does not legalize primary, private individual conduct. With respect to the second exception, the Supreme Court has described rules that come within this exception as " 'watershed rules of criminal procedure' " and has stated they are limited to those new procedures without which the likelihood of an accurate conviction is seriously diminished. *Sanders*, 238 Ill. 2d at 401

(quoting *Teague*, 489 U.S. at 311, 313). *White* did not a present a "watershed" rule of criminal procedure as the decision does not impact the accuracy of defendant's conviction. See also *Hickey*, 204 Ill. 2d at 627-29 (alleged violations of new procedural rules which do not violate a defendant's constitutional rights do not warrant postconviction relief).

¶ 33                                                     CONCLUSION

¶ 34       We hold that our decision in *White* established a new rule within the meaning of *Teague* which does not fall within either of the *Teague* exceptions. We further hold, therefore, that *White* does not apply retroactively to convictions which were final at the time *White* was decided. Appellate court decisions which hold to the contrary, such as 2013 IL App (3d) 110738, and *People v. Cortez*, 2012 IL App (1st) 102184, are overruled.

¶ 35       For the foregoing reasons, we reverse the judgment of the appellate court and affirm the judgment of the circuit court dismissing defendant's postconviction petition.

¶ 36       Appellate court judgment reversed.
¶ 37       Circuit court judgment affirmed.