NOTICE

Decision filed 11/28/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 200382-U

NO. 5-20-0382

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 16-CF-338 |
| | ) | |
| TOMMIE PIRTLE, | ) | Honorable |
| | ) | Julie K. Katz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Presiding Justice Boie and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the circuit court did not err in summarily dismissing the defendant's *pro se* postconviction petition, and any argument to the contrary would lack merit, his appointed appellate counsel is granted leave to withdraw and the judgment of the circuit court is affirmed.

¶ 2    The defendant, Tommie Pirtle, appeals from an order summarily dismissing his *pro se* petition for postconviction relief. His appointed attorney, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit. On that basis, OSAD has filed with this court a motion for leave to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a legal memorandum in support of the motion. OSAD served the defendant with a copy of its *Finley* motion and memorandum. The defendant has not filed a response. This court has thoroughly examined OSAD's *Finley* motion and memorandum, and the entire record

1

on appeal, and has concluded that OSAD's assessment of the instant appeal is correct. Therefore, this court grants OSAD's *Finley* motion to withdraw and affirms the order summarily dismissing the defendant's *pro se* postconviction petition.

¶ 3                                   BACKGROUND

¶ 4     In 2016, the defendant was charged by indictment with first degree murder. He and Sammie Swift were accused of shooting Deangelo Oliver with the intent to kill or do great bodily harm. At the time of the shooting, in March 2016, the defendant was 17 years old. The offense carried a sentence of 20 to 60 years in prison, as well as a sentencing enhancement because a firearm was used. 730 ILCS 5/5-8-1(a)(1)(d) (West 2016).

¶ 5     On February 3, 2017, the defendant, then age 18, appeared in court along with his defense attorney and an assistant state's attorney. The parties informed the court that the defendant had agreed to plead guilty to a charge of first degree murder with a dangerous weapon in exchange for a sentence of 20 years' imprisonment. The prosecutor stated that the 20-year sentence "would be served at 100 percent" and that the truth-in-sentencing provisions applied.

¶ 6     In response to queries from the judge, the defendant indicated that he spoke with his attorney that day. The defense attorney stated that he explained to the defendant the "difference" between the original charge and the one to which the defendant would be pleading guilty.

¶ 7     The trial court then admonished the defendant as to the nature of the first degree murder charge to which he was pleading guilty and the possible penalties, including imprisonment for 20 to 60 years, followed by mandatory supervised release (MSR) for 3 years. The court stated that the prison term would be served at 100%.

¶ 8     The defendant indicated his understanding. See Ill. S. Ct. R. 402(a)(1), (2) (eff. July 1, 2012). The court then admonished the defendant that he had a right to plead guilty or not guilty,

2

and that if he chose to plead not guilty, he had a right to a jury trial or a bench trial. The court added that the defendant had rights at any trial, including the right to confront and cross-examine witnesses, and the State had the burden to prove him guilty, but by choosing to plead guilty, "all of that goes away." The defendant indicated his understanding. See Ill. S. Ct. R. 402(a)(3), (4) (eff. July 1, 2012). The defendant, in answer to the court's questions, indicated that no one had used force or threats, or had made any promises, in order to induce him to plead guilty. See Ill. S. Ct. R. 402(b) (eff. July 1, 2012). Moreover, the defendant stated that he did not "want" a trial.

¶ 9    The State presented a factual basis, stating that around 8:35 p.m. on March 9, 2016, Oliver exited his residence, collapsed, and died. A police investigation revealed that shortly before Oliver's death, the defendant and Swift were at the defendant's aunt's home across the street from Oliver's home, the defendant spoke to Oliver on the phone, and footage depicted the defendant and Swift walking to Oliver's residence. Additionally, the defendant was angry because he lost a dice game to Oliver earlier that day, and Swift suggested robbing Oliver. Following his arrest, the defendant admitted to being present in Oliver's residence and that Swift and Oliver fought; the defendant later recanted the statement.

¶ 10    The court found this factual basis sufficient. See Ill. S. Ct. R. 402(c) (eff. July 1, 2012). The defendant indicated that he did not have any comments about the facts. At that point, the defendant pleaded guilty. The court accepted the plea.

¶ 11    The parties waived preparation of a presentence investigation report. In accordance with the parties' agreement, the court sentenced the defendant to imprisonment for 20 years, noting that he would need to serve 100% of his sentence. The court admonished the defendant about his right to appeal, including the need to file a motion to withdraw his plea within 30 days. In response to the court's queries, the defendant indicated that he understood his appeal rights.

¶ 12    The defendant did not move to withdraw his plea or otherwise attempt an appeal from the judgment of conviction.

¶ 13    On September 29, 2020, the defendant filed a *pro se* petition for postconviction relief. Relying on *People v. Othman*, 2019 IL App (1st) 150823, the petition alleged that the truth-in-sentencing law was unconstitutional as applied to juveniles because it did not allow them the opportunity to demonstrate their rehabilitative potential.

¶ 14    On October 23, 2020, the circuit court entered an order summarily dismissing the *pro se* petition as frivolous and patently without merit noting, relevant here, that the portion of *Othman* relied upon by the defendant was vacated. See *People v. Othman*, No. 125580 (Ill. Jan. 9, 2020) (supervisory order); *People v. Othman*, 2020 IL App (1st) 150823-B, ¶ 5. Moreover, the court noted that the defendant did not receive a sentence that exceeded his life expectancy, and could complete his sentence at age 37.

¶ 15    The defendant filed a *pro se* notice of appeal, thus perfecting the instant appeal. In the 30-page notice of appeal, the defendant raised numerous claims of constitutional deprivation that were not included in the *pro se* postconviction petition.

¶ 16    The Illinois Department of Corrections website indicates the defendant's 20-year prison sentence, and a "projected parole date" of March 13, 2036, when he is scheduled to be released from prison and to begin his three-year MSR term.

¶ 17                                    ANALYSIS

¶ 18    This appeal is from the circuit court's summary dismissal of the defendant's *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Appellate review is *de novo*. *People v. Knapp*, 2020 IL 124992, ¶ 39. On *de novo* review, this court applies

4

the same analysis that the circuit court would perform. *People v. Tyler*, 2015 IL App (1st) 123470, ¶ 151.

¶ 19 As mentioned, the defendant's appointed appellate attorney, OSAD, has filed a *Finley* motion to withdraw as counsel. In its legal memorandum in support of its motion, OSAD considers the issues of whether the circuit court erred when it determined the defendant's claim that the truth-in-sentencing statute was unconstitutional as applied to juveniles, and whether this court should address the defendant's claims raised for the first time in the *pro se* notice of appeal. OSAD has concluded, however, that these issues lack arguable merit. This court agrees.

¶ 20 The Act provides a method by which any person imprisoned in the penitentiary may assert that his conviction resulted from a substantial violation of his federal or state constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2020); *People v. Smith*, 2015 IL 116572, ¶ 9. A proceeding under the Act is a collateral proceeding, rather than an appeal from the judgment of conviction. *People v. English*, 2013 IL 112890, ¶ 21.

¶ 21 If the circuit court finds the petition frivolous or patently without merit, the court must dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2020). A petition is frivolous or patently without merit when it "has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 16 (2009). A petition has no arguable basis in law or fact if it relies on "an indisputably meritless legal theory or a fanciful factual allegation." *Id*. "An example of an indisputably meritless legal theory is one which is completely contradicted by the record." *Id*. "Fanciful factual allegations include those which are fantastic or delusional." *Id*. at 17.

¶ 22 In his *pro se* postconviction petition, the defendant alleged that the truth-in-sentencing statute (730 ILCS 5/3-6-3 (West 2016)) was unconstitutional as applied to him and other juveniles because it prevented them from presenting evidence of rehabilitation. In support of his claim, the

5

defendant relied on *People v. Othman*, 2019 IL App (1st) 150823, ¶ 93, where the First District held that the truth-in-sentencing law, as applied to juvenile offenders, was unconstitutional. However, as the circuit court noted, the portion of the *Othman* decision upon which the defendant relies was vacated by our supreme court (see *People v. Othman*, No. 125580 (Ill. Jan. 9, 2020) (supervisory order)), and therefore has no precedential authority (see *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 66 (2006) (stating an appellate decision vacated by the supreme court "carries no precedential weight"); see also *People v. Othman*, 2020 IL App (1st) 150823-B, ¶ 5 (noting the removal of portions of the order that determined the constitutionality of the defendant's sentence)).

¶ 23     Moreover, in *People v. Buffer*, 2019 IL 122327, ¶ 41, our supreme court held that "a prison sentence of 40 years or less imposed on a juvenile offender provides some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." (Internal quotation marks omitted.) Here, the defendant was sentenced to 20 years in prison, and pursuant to *Buffer*, this sentence does not deny him the opportunity to demonstrate his potential for rehabilitation.

¶ 24     To the extent that defendant raised additional claims of constitutional deprivation for the first time in the *pro se* notice of appeal, "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2020). In other words, "a claim not raised in a petition cannot be argued for the first time on appeal." *People v. Jones*, 213 Ill. 2d 498, 505 (2004).

¶ 25                                    CONCLUSION

¶ 26     The circuit court did not err in summarily dismissing the defendant's postconviction petition. Any argument to the contrary would lack merit. Accordingly, this court grants OSAD's

6

*Finley* motion for leave to withdraw as counsel and affirms the circuit court's order summarily dismissing the *pro se* postconviction petition.

¶ 27　　Motion granted; judgment affirmed.