**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 230421-U

Order filed March 5, 2026
_____

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0421 Circuit No. 13-CF-958 |
| RICKIE BROWNSON, | ) ) ) | Honorable |
| Defendant-Appellant. | ) ) ) | Carmen Goodman, Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Hettel and Justice Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court erred in dismissing defendant's *pro se* postconviction petition at the first stage.

¶ 2    Defendant, Rickie Brownson, was convicted of three counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(b)(i) (West 2012)) and two counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2012)). We affirmed his convictions on direct appeal (*People v. Brownson*, 2023 IL App (3d) 210253-U), and he sought postconviction relief. The circuit court dismissed defendant's postconviction petition at the first stage. On appeal, defendant argues that

(1) the circuit court erred in soliciting, and relying upon, the State's substantive input regarding the merits of his *pro se* postconviction petition, and, alternatively, (2) his *pro se* postconviction petition should be advanced for second-stage proceedings because it alleged a number of arguably meritorious claims of ineffective assistance of trial and appellate counsels. We reverse and remand.

¶ 3                                          I. BACKGROUND

¶ 4        We recount the rather protracted procedural and factual history only to the extent necessary to decide this appeal. In May 2013, the then-16-year-old defendant was charged by indictment with three counts of aggravated criminal sexual assault, five counts of criminal sexual assault, and three counts of aggravated criminal sexual abuse. The indictments alleged that defendant committed various sexual acts with Doe 1, Doe 2, and Doe 3, each of whom is his family member. After a jury trial, defendant was convicted on all counts. Defendant appealed, and this court vacated the judgment and remanded the matter for a new trial, holding that the circuit court did not comply with Illinois Supreme Court Rule 431(b). *People v. Brownson*, 2018 IL App (3d) 150328-U, ¶¶ 34, 42.

¶ 5        On remand, defendant waived his right to a jury trial and proceeded to a bench trial before a new judge. After trial, defendant was convicted of three counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(b)(i) (West 2012)) and two counts of criminal sexual assault (720 ILCS 5/11-1.20(a)(3) (West 2012)).

¶ 6        Prior to sentencing, defendant filed a *pro se* motion alleging ineffective assistance of counsel. He claimed in the motion that his trial attorneys were ineffective in that they failed to meet with him to review discovery and evidence, introduce newly discovered evidence at the bench trial, and call witnesses on his behalf at the bench trial. Defendant did not specify in his motion the nature of the newly discovered evidence. He later filed a second motion requesting a *Krankel*

2

hearing on his claim of ineffective assistance. See *People v. Krankel*, 102 Ill. 2d 181 (1984). In this motion, defendant further stated that trial counsel failed to call and investigate complainants' mother, pastor, and other family members who would have testified for the defense and contradicted complainants' testimony. The circuit court conducted a brief inquiry into the factual basis of the motions and questioned defendant about his allegation of newly discovered evidence. In response, defendant indicated that the evidence pertained to complainants' counseling and that he thought his attorneys were going to introduce that evidence at trial. The circuit court did not question defendant about his allegations regarding the family witnesses and did not ask defendant's attorneys any questions. The circuit court denied defendant's motions, finding that there was not "enough" to proceed further.

¶ 7        Defendant's attorneys filed a motion to reconsider the guilty verdicts or for new trial, which was subsequently amended. The circuit court denied the motion and, following a sentencing hearing, sentenced defendant to 6 years' imprisonment for each aggravated criminal sexual assault conviction and 4 years' imprisonment for each criminal sexual assault conviction for an aggregate term of 26 years, the minimum prison sentence available.

¶ 8        On appeal, this court remanded the matter to the circuit court to hold a preliminary *Krankel* inquiry. We retained jurisdiction over all other matters, pending the results of the preliminary inquiry. At the preliminary *Krankel* inquiry, the circuit court asked defendant to elaborate on the claims set forth in his motion. Defendant responded that his attorneys were ineffective because they did not call several witnesses who testified during the jury trial, including the pastor and complainants' mother, who would have been helpful to his defense during the bench trial. He also argued that his attorneys failed to object to certain hearsay statements that Diamond, defendant's half-sister, made regarding what Annet, defendant's sister, told her about defendant sleeping in

3

complainants' room and that Annet should have testified instead. The circuit court also allowed defendant's trial attorneys to respond to his allegations. His attorneys explained that the decision not to call these witnesses was because they did not believe the testimony would have changed the outcome of the trial and that it was part of their trial strategy to highlight the inconsistencies in complainants' testimonies compared to the victim-sensitive interviews. After the hearing, the circuit court concluded that, upon review of defendant's motion and the statements made at the preliminary inquiry, no other action was necessary.

¶ 9    Upon conclusion of the remanded-for *Krankel* hearing, this court considered the following arguments raised by defendant on appeal: (1) the sufficiency of the *Krankel* hearing; (2) ineffective assistance of trial counsel for failure to call certain family witnesses to contradict Diamond's testimony and object to Diamond's hearsay recounting of Annet's statement; (3) the denial of a new trial based upon post-trial recanted statements by complainants to a probation officer; and (4) the sufficiency of the evidence. *Brownson*, 2023 IL App (3d) 210253-U, ¶ 2. We affirmed the circuit court's judgment. *Id.* ¶ 55.

¶ 10    Subsequently, in July 2023, defendant filed in the circuit court a 32-page *pro se* postconviction petition accompanied by a 4-page affidavit which raised a variety of claims, including: (1) an involuntary jury waiver based upon unfulfilled promises of defense counsel; (2) ineffective assistance of trial counsel in that counsel "failed to impeach or otherwise confront [complainants] with their inconsistent testimony," which he also phrased as counsel "fail[ing] to impeach Diamond's testimony and den[ying] petitioner his confrontation rights"; (3) a speedy trial violation; and (4) ineffective assistance of appellate counsel for inadequately presenting the ineffective assistance of trial counsel claim and failing to raise the speedy trial issue.

4

¶ 11    In August 2023, the circuit court called the matter for status. Defendant was in the custody of the Department of Corrections and was not present in court. After the circuit court called the case, the following exchange took place:

"THE COURT: We have a post conviction. I don't know who is on this one. Rickie Brownson.

[THE PROSECUTOR]: I guess I will step up on that. That is the case we tried with the triplets.

THE COURT: Right, I remember that.

[THE PROSECUTOR]: That came back affirmed back in the end of May, so I'm not sure what he is asking for. His motion—well, I have seen it and I have read it. He is asking to go back to the original appellate decision which is moot at this point and just asking for a new trial. I don't think there is any grounds at this point.

THE COURT: So technically speaking it is not really a post conviction. So this is 13 CF 958 just for the record. He appealed on a number [of] things. We were affirmed on everything.

[THE PROSECUTOR]: Correct.

THE COURT: So I don't know what he is asking for, but he wrote a letter.

[THE PROSECUTOR]: Right. Again, he is referring to what the Appellate Court said on the first time around but that is—

THE COURT: Can I just take a look? I will pass it. Let me take a look at that letter to just see if he—if there is anything of ineffective assistance of counsel or anything of that nature. I will pass it and just let me take a look at the letter before I strike it.

[THE PROSECUTOR]: Okay.

THE COURT: I want to make absolutely sure that at least I reviewed it and that there is nothing here that would trump any other part of the statute for his concerns to be heard.

(Case passed and recalled)

THE COURT: 13 CF 958, Rickie Brownson. [Prosecutor]?

[THE PROSECUTOR]: Yes, Judge.

THE COURT: I am recalling Rickie Brownson. His post conviction petition and the Appellate Court came back and affirmed everything. Basically he is reiterating everything that went up on the Appellate Court, impeaching the triplets, inconsistent testimony and such. Basically he is trying to say that counsel's performance was deficient but they answered that question already on the appellate level *** and we also did a hearing on those factors. So I will strike it from the call. I could continue it over but I think that is not necessary and—

[THE PROSECUTOR]: Yes.

THE COURT: —within the 90-day-date that they do not state a cause. So I am striking it from the call. It just came down.

[THE PROSECUTOR]: Thank you."

No written order was entered and the court's minute entry noted that "[a]fter reviewing the defendant's petition, matter is ordered stricken. File is closed."

¶ 12        Defendant appealed and is represented on appeal by the Office of the State Appellate Defender.

¶ 13                                            II. ANALYSIS

6

¶ 14        The first argument defendant raises on appeal is that the circuit court erred in soliciting or relying upon the State's substantive input regarding the merits of defendant's *pro se* postconviction petition, the consequences of which require remand for second-stage proceedings.

¶ 15        The Postconviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)) provides a means for people serving criminal sentences to assert that their convictions resulted from substantial denials of their constitutional rights. *People v. Smith*, 2015 IL 116572, ¶ 9. It creates a three-stage process for adjudicating a postconviction petition. *Id.* At the first stage, the circuit court independently determines, without input from the State and "[w]ithin 90 days after the filing and docketing of" the petition, whether the petition is "frivolous or is patently without merit." *Id.* § 122-2.1(a)(2) (West 2022). If it finds that the petition is frivolous or patently without merit, the circuit court must dismiss it. *Id.* If not, the circuit court is to docket the petition for second-stage proceedings. *Id.* During the second stage, the circuit court may appoint counsel to represent an indigent defendant, and counsel may file an amended petition. *People v. Hommerson*, 2014 IL 115638, ¶ 8. If the circuit court does not dismiss the petition during the second stage, it will conduct an evidentiary hearing on the petition's merits during the third stage. 725 ILCS 5/122-6 (West 2022). We review *de novo* the first-stage dismissal of a postconviction petition. *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010).

¶ 16        Significantly, "[a]t this initial stage of the proceeding, there is no involvement by the State." *People v. Tate*, 2012 IL 112214, ¶ 9; see also *People v. Bailey*, 2017 IL 121450, ¶ 20 (holding that "[p]rior to the second stage, the State's input would be 'premature and improper' " (quoting *People v. Gaultney*, 174 Ill. 2d 410, 419 (1996))). However, input from the State at this stage does not necessarily mandate automatic reversal. See *Gaultney*, 174 Ill. 2d at 419. We ordinarily presume that the trial judge knows and follows the law unless the record indicates

7

otherwise. See *People v. Terrell,* 132 Ill. 2d 178, 219 (1989). Where the record gives no indication that the trial judge sought input from the State or relied upon the State's argument to dismiss, we presume that the judge acted properly. *Gaultney*, 174 Ill. 2d at 420. Factors that are relevant to whether State input at the first stage contaminated the proceedings include whether a hearing was held, whether the court's rationale tracked language used by the State, and whether and to what degree the trial court mentioned the State's input. See *id.* at 422.

¶ 17        Our review of the record in this case leads us to conclude that while the circuit court did not solicit the State's input regarding the post-conviction petition, it nevertheless engaged in a brief conversation regarding the merits of defendant's petition and ultimately relied upon the State's mischaracterization of the pleading when it "struck" defendant's post-conviction petition.

¶ 18        We observe that the circuit court did not enter a written order in this case. The record contains only a minute entry devoid of any reasoning, providing simply, "After reviewing the defendant's petition, matter is ordered stricken." Nowhere in writing does the circuit court suggest that its review of the petition led it to conclude that it was frivolous or patently without merit. Nor does the circuit court's oral pronouncement make any reference to this standard for dismissing a postconviction petition at the first stage. To the contrary, in striking the petition, the circuit court instead repeated the State's characterization of the petition, stating:

> "His post conviction petition and the Appellate Court came back and affirmed everything. *Basically he is reiterating everything that went up on the Appellate Court, impeaching the triplets, inconsistent testimony and such. Basically he is trying to say that counsel's performance was deficient but they answered that question already on the appellate level and adequate time consulting and we also did a hearing on those factors. So I will strike it from the call.* I could continue it over but I think that is not necessary and *** within the

8

90-day-date that they do not state a cause. So I am striking it from the call. *It just came down.*" (Emphases added.)

From this language, it follows that the circuit court agreed with the State that the petition set forth claims already decided at the *Krankel* hearing and in the most recent appellate decision such that it should be dismissed. See *People v. Johnson*, 2016 IL App (5th) 130554, ¶¶ 31-32 (finding that the defendant's postconviction ineffective assistance claim was barred by *res judicata*, to the extent that the defendant's allegations were already considered by the circuit court during a *Krankel* hearing and also by the appellate court on direct appeal).

¶ 19    Similarities between the words chosen by the circuit court in its ruling and the State's commentary are not necessarily determinative of the circuit court in fact relying on the State's commentary if the language used "involve[d] general terminology that is common in post-conviction proceedings." *Gaultney*, 174 Ill. 2d at 422. Here, however, the circuit court's adoption of the same rationale as briefly proffered by the State proves the point. The State's characterization of defendant's petition was incorrect. Defendant's petition raised at least three issues that were not raised at the *Krankel* hearing and were not otherwise considered by this court: (1) the voluntariness of his jury waiver based upon unfulfilled promises of defense counsel; (2) a violation of the speedy trial statute; and (3) ineffective assistance of appellate counsel. In striking the petition, the circuit court clearly relied upon the State's incomplete characterization of the petition, dismissing it solely on *res judicata* grounds notwithstanding that this doctrine was inapplicable to the jury waiver and speedy trial claims, and possibly even the ineffective assistance of appellate counsel claim. See *People v. English,* 2013 IL 112890, ¶ 22 (the doctrine of *res judicata* and forfeiture are relaxed where forfeiture stems from the ineffective assistance of appellate counsel). Nothing in the record

9

supports a conclusion that the circuit court addressed these claims and certainly not that it determined they were frivolous or patently without merit.

¶ 20    Because the circuit court clearly relied on the State's mischaracterization of the petition in striking it, we hold that the circuit court erred in dismissing defendant's postconviction petition at the first stage. See *Gaultney*, 174 Ill. 2d at 419-20. Having so concluded, we reverse and remand for second-stage proceedings and do not reach or otherwise express any opinion as to the merits of defendant's claims.

¶ 21                                III. CONCLUSION

¶ 22    The judgment of the circuit court of Will County is reversed and remanded.

¶ 23    Reversed and remanded.