2020 IL App (1st) 173058-U

No. 1-17-3058

Order filed June 23, 2020.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CR 17785 |
| | ) | |
| CHARLES COLLINS, | ) | The Honorable |
| | ) | Gregory Robert Ginex, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Justices Pucinski and Coghlan concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's summary dismissal of defendant's postconviction petition is affirmed where the claims were frivolous or patently without merit and he was not prejudiced by the court's alleged failure to follow directory statutory provisions.

¶ 2    Defendant Charles Collins appeals from the summary dismissal of his *pro se* petition filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)), arguing that his petition stated an arguable claim for ineffective assistance of counsel and the

circuit court did not enter a proper written order or give him proper notice regarding the dismissal. We affirm.

¶ 3    This court set out the underlying facts from defendant's pretrial motion and trial in our opinion affirming defendant's conviction on direct appeal. See *People v. Collins*, 2015 IL App (1st) 131145. We set forth only those facts necessary for the resolution of defendant's claims in this appeal.

¶ 4    Following a traffic stop on August 31, 2010, defendant was arrested and charged with possession of a controlled substance with intent to deliver (720 ILCS 570/401(a)(2)(c) (West 2010)) and possession of a controlled substance (720 ILCS 570/402(a)(2)(c) (West 2010)). His first attorney, private counsel Charles Murphy, argued a motion to quash arrest and suppress evidence on December 10, 2010, which the trial court denied on December 23, 2010. The record contains no mention at this hearing, or any previous hearing, of a plea offer from the State. The first mention of a plea offer occurred during a status hearing on January 19, 2011, attended by Murphy and an Assistant State's Attorney, where Murphy said, "Could I suggest a status date now that I know what the offer is, which I'm sure my client will not accept."

¶ 5    Defendant discharged Murphy on February 17, 2011, and private counsel Steven Weinberg entered his appearance for defendant on April 21, 2011. At a hearing on May 26, 2011, the State advised the court that it revoked "all prior offers." Immediately prior to trial on July 31, 2012, Weinberg represented that defendant declined a plea offer. Defendant stated this was correct.

¶ 6    At trial, the evidence showed that on August 31, 2010, Village of Bellwood police officers curbed defendant's vehicle while he was on mandatory supervised release (MSR), searched it, and

recovered 809 grams of cocaine. Officer John Trevarthen testified that defendant admitted he intended to sell the cocaine.

¶ 7     The jury found defendant guilty of both charges. The trial court denied defendant's motion for a new trial and sentenced him to life in prison because his conviction for possession with intent to deliver qualified him as a habitual criminal under the Habitual Criminal Act (730 ILCS 5/5-4.5-95(a) (West 2010)). The court denied defendant's motion to reconsider sentence.

¶ 8     On direct appeal, defendant argued that the trial court erred in denying his motion to quash arrest and suppress evidence, the Habitual Criminal Act was unconstitutional, and his conviction for possession of a controlled substance should be vacated as a lesser-included offense. We vacated the possession of a controlled substance conviction and affirmed defendant's conviction for possession of a controlled substance with intent to deliver. See *Collins*, 2015 IL App (1st) 131145.

¶ 9     On November 22, 2016, defendant filed a *pro se* postconviction petition alleging that Murphy provided ineffective assistance by failing to disclose that he was under indictment, proceeding with the motion to quash arrest and suppress evidence although defendant wanted to accept a plea offer beforehand, and failing to "investigate the conduct" of the arresting officers. Additionally, defendant argued that Murphy's indictment amounted to a conflict of interest and that both defendant's sentence and the grand jury indictment were improper. Regarding defendant's claim of ineffective assistance as it related to the plea bargain, the petition stated that defendant "wish[ed] to plea[d] to the charges," but Murphy "advised [defendant] not to plea[d]" and "promis[ed]" that "he would win the [m]otion" to quash arrest and suppress evidence.

¶ 10     The circuit court summarily dismissed defendant's petition at a hearing on January 27, 2017. The court mentioned each claim in the petition, including defendant's claim for ineffective

assistance at plea bargaining. The court found that the appellate court already ruled on the probable cause and sentencing issues, and that defendant waived the grand jury claim. The court then addressed the ineffective assistance claim based on Murphy's indictment, and rejected it because the petition showed neither arguably deficient conduct nor prejudice. The court concluded, "the defendant's petition is *** denied as frivolous and patently without merit." The court stated that it directed the clerk of the circuit court to "notify" defendant, but there is no indication in the record whether such notice was sent. That same day, the court made a docket entry reading "Motion-Denied" and a half-sheet notation stating "petition for postconviction relief is denied as frivolous & patently without merit," but the record does not show the court issued any other written order.

¶ 11    On March 8, 2017, defendant filed a "Motion to Supplement and Amend Post-Conviction Petition" (motion to amend). In the motion to amend, defendant alleged that (1) section 3-3-7(a)(10) of the Unified Criminal Code (730 ILCS 5/3-3-7(a)(10) (West 2010)), which required him to permit police officers to search his property as a term of his MSR, was unconstitutional; (2) he was denied his right to make a "knowing, intelligent and willing decision as to waiver of Constitutional Rights"; (3) the State committed a discovery violation; (4) he was subject to an unlawful search and seizure; (5) Murphy provided ineffective assistance by failing to elicit certain testimony, investigate, prepare for hearings, or subpoena critical witnesses; (6) "counsel" denied defendant his right to testify at trial; (7) Weinberg was *per se* ineffective because he and Murphy knew each other; and (8) counsel on direct appeal provided ineffective assistance by failing to present the issues in his postconviction petition and the motion to amend.

¶ 12    During proceedings on March 24, 2017, the circuit court acknowledged receipt of the motion to amend and stated it was unclear whether defendant knew that his original petition had

been denied, but that he would be allowed to file a late notice of appeal therefrom. The court directed the clerk to send defendant a transcript of proceedings from January 27, 2017, and continued the proceedings. There is no indication in the record whether the transcript was sent to defendant.

¶ 13 At a hearing on May 5, 2017, the circuit court characterized the motion to amend as a motion to file a successive postconviction petition and found that it was "based on the same issues" that defendant raised in this initial petition. The court ruled that defendant failed to prove the cause and prejudice necessary to file a successive postconviction petition and denied defendant leave to file.[1]

¶ 14 On November 6, 2017, defendant mailed a late notice of appeal to the circuit court. In an attached affidavit, defendant averred that he "never received a dismissal order or written order nor appeal right notice from the clerk of court or the court." On March 15, 2019, the supreme court ordered that this court accept defendant's late notice of appeal as a properly perfected appeal from the circuit court's orders of January 27, 2017 and May 5, 2017.

¶ 15 On appeal, defendant initially contends that the circuit court issued an improper partial summary dismissal because it failed to expressly rule on his claim for ineffective assistance of counsel at plea bargaining.

¶ 16 The Act allows a defendant to challenge a conviction by arguing it resulted from a violation of his state or federal constitutional rights, or both. *People v. Lesley*, 2018 IL 122100, ¶ 31. A defendant's petition under the Act is reviewed in three stages. *Id.* At the first stage, a defendant

---

[1]The circuit court's docket entry for May 5, 2017, states "NOTIFICATION SENT TO DEFENDANT." No such language appears in the entries for January 27, 2017 or March 24, 2017.

need only allege sufficient facts in the petition to establish the "gist" of a constitutional claim. *People v. Bailey*, 2017 IL 121450, ¶ 18. The circuit court "is to take the allegations of the petition as true and construe them liberally." *People v. Allen*, 2015 IL 113135, ¶ 41. A petition will be dismissed as frivolous or patently without merit where it lacks an arguable basis in law or fact. *Id.* ¶ 25. We review a circuit court's summary dismissal of a postconviction petition *de novo*. *People v. Smith*, 2015 IL 116572, ¶ 9.

¶ 17    If one claim in a postconviction petition is valid, the entire petition advances to the second stage, making partial summary dismissal of a subset of claims at the first stage improper. *People v. Rivera*, 198 Ill. 2d 364, 371 (2001). When the circuit court demonstrates a clear intent to dismiss the petition as a whole, however, it need not address each claim specifically when ordering summary dismissal. *People v. Maclin*, 2014 IL App (1st) 110342, ¶ 27. When interpreting a lower court's order, the reviewing court determines the lower court's intent and should uphold the order if a valid interpretation is possible. *People v. Lee*, 344 Ill. App. 3d 851, 855 (2003). The reviewing court may also affirm the lower court's decision on any basis supported by the record. *Id.* at 853.

¶ 18    Here, the circuit court's comments on January 27, 2017, expressly acknowledged the ineffective assistance of counsel at plea bargaining claim, and though the court did not discuss the claim's merits in detail, the court stated that defendant's "petition" was denied as "frivolous and patently without merit." Likewise, the court made a docket entry that said "Motion-Denied," and a half-sheet notation to that effect. The court's intent to summarily dismiss the petition as a whole, including the claim for ineffective assistance at plea bargaining, is apparent from this record. Accordingly, we find that the circuit court did not issue an improper summary dismissal. See *id.* at 852-55.

¶ 19    Notwithstanding, defendant contends the cause must be remanded for second-stage proceedings because the circuit court did not enter a written order dismissing his petition within 90 days of filing.

¶ 20    When the circuit court summarily dismisses a postconviction petition at the first stage, the Act provides that the court is to enter a "written order" within 90 days of the "filing and docketing" of the petition that describes the "findings of fact and conclusions of law it made in reaching its decision." 725 ILCS 5/122-2.1(a)(2) (West 2016). If an order is not entered within 90 days, the petition advances to the second stage. *People v. Perez*, 2014 IL 115927, ¶ 29. The court's judgment will be considered entered for purposes of the statute on the date it is entered of record. *Id.* ¶ 15. (citing Ill. S. Ct. R. 272 (eff. Nov. 1, 1990)).

¶ 21    Statutory provisions directing courts to take certain actions can be considered mandatory or directory. A statutory provision is considered mandatory "if the intent of the legislature dictates a particular consequence for failure to comply with the provision." *People v. Delvillar*, 235 Ill. 2d 507, 514 (2009). Absent this intent, the provision is considered directory, meaning no specific consequence flows from noncompliance with the provision. *In re M.I.*, 2013 IL 113776, ¶ 16. The violation of a directory provision may require reversal if a defendant demonstrates he was prejudiced by the error such that he is entitled to a remedy. See *People v. Robinson*, 217 Ill. 2d 43, 46-47 (2005); *People v. Geiler*, 2016 IL 119095, ¶¶ 15, 24. Our supreme court has determined that the requirement for the court to include "findings of fact and conclusions of law" in a summary dismissal order is a directory provision. *People v. Porter*, 122 Ill. 2d 64, 81-82 (1988).

¶ 22    We find that the docket entry of January 27, 2017 indicating "Motion-Denied," and the similar half-sheet entry, in combination with the court's oral order on the record dismissing

defendant's petition as frivolous and patently without merit, was an effective summary dismissal and did not prejudice defendant. First, the docket and half-sheet entries were made within 90 days of when defendant filed his petition on November 22, 2016, and as we have explained, dismissed the petition as a whole.

¶ 23    Next, it is well-established that the court's failure to issue a written order detailing findings of fact and conclusions of law when summarily dismissing a postconviction petition does not require automatic reversal because the requirement is directory, meaning defendant must establish prejudice to warrant a remedy. See *id.* Here, defendant does not explain how the absence of written findings of fact and conclusions of law prejudiced him. We note, however, that defendant separately argues in this appeal that his claim for ineffective assistance of counsel at plea bargaining, which he raised in his November 22, 2016 petition, was meritorious. Therefore, prior to determining whether defendant was prejudiced by the absence of written findings of fact and conclusions of law in the circuit court's order dismissing his petition, we first consider whether that underlying claim had merit.

¶ 24    As noted, defendant claims that Murphy provided ineffective assistance at plea bargaining. Criminal defendants are entitled to effective assistance of trial counsel. U.S. Const., amend. VI. To establish a claim for ineffective assistance of counsel, a defendant must show deficient conduct and prejudice. *People v. Hodges*, 234 Ill. 2d 1, 17 (2009). At the first stage of postconviction review, a defendant must only establish arguably deficient conduct and arguable prejudice. *Id.*

¶ 25    A defendant may predicate an ineffective assistance claim on counsel's allegedly deficient conduct at plea bargaining. See *People v. Hale*, 2013 IL 113140, ¶ 18. To establish prejudice in this context, a defendant must show "a reasonable probability that, absent his attorney's deficient

advice, he would have accepted the plea offer." *Id.* A defendant must allege additional bases in his petition beyond his own "subjective, self-serving" representations to make this showing. (Internal quotation marks omitted.). *People v. Walker*, 2018 IL App (1st) 160509, ¶ 36. Prejudice may be shown by evidence that the plea offer was for a "significantly" shorter sentence than the defendant faced if convicted following trial. *Id*. ¶ 32. A defendant must also show a reasonable probability that the State would not have cancelled the offer, and the trial court would have accepted the plea. *Id*. ¶ 31.

¶ 26    We find that defendant's claim for ineffective assistance of counsel at plea bargaining must fail because he cannot establish arguable prejudice. Defendant's petition does not describe the terms of any alleged plea offer, and only states that he "wish[ed] to plea[d]" before Murphy argued the motion to quash arrest and suppress evidence but Murphy advised against it. There is no objective basis in the petition or the record from which we could conclude that defendant would have accepted a plea but for Murphy's advice.

¶ 27    Rather, the record rebuts defendant's contention that the State made an offer that defendant would have accepted prior to the hearing on the motion to quash arrest and suppress evidence. The trial court denied the motion on December 23, 2010, and only afterwards, on January 19, 2011, Murphy advised the court that he sought a continuance "now that I know what the offer is." Thus, Murphy suggested that he only learned what the State's offer was following the court's ruling on the motion to quash arrest and suppress evidence. Moreover, defendant rejected another unspecified plea offer plea immediately before trial despite facing a potential life sentence if he were to be found guilty. Defendant points to no objective indication in the record that he would have accepted a plea but for Murphy's advice, and as such, his ineffective assistance claim is not

meritorious. As defendant does not argue that any of the other claims in his petition were meritorious, he therefore cannot establish prejudice from the absence of written findings of fact and conclusions of law in the circuit court's order dismissing the petition.

¶ 28    Defendant's final argument on appeal is that he was not notified of the January 27, 2017 ruling within 10 days, and this lack of notice prejudiced him.

¶ 29    The Act states that the circuit court shall serve the defendant notice of a summary dismissal within 10 days. 725 ILCS 5/122-2.1(a)(2) (West 2016). This requirement is a directory provision, and the court's failure to notify defendant in accordance with the statute does not automatically require reversal of the circuit court's summary dismissal order. *Robinson*, 217 Ill. 2d at 57-59.

¶ 30    Generally, a defendant may only file one postconviction petition, and any claim not brought in that petition is deemed waived. 725 ILCS 5/122-3 (West 2016). The circuit court may permit the filing of a successive petition upon a motion requesting leave by the defendant, in which the defendant demonstrates "cause and prejudice for not having raised the alleged errors in his or her initial postconviction petition." *Bailey*, 2017 IL 121450, ¶ 15. "To show cause, a defendant must identify 'an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings.' " *People v. Evans*, 2013 IL 113471, ¶ 10 (quoting 725 ILCS 5/122-1(f) (West 2008)). To establish prejudice, a defendant must show that the issue not raised in his initial postconviction petition so tainted the underlying proceedings that it rendered his conviction a due process violation. *People v. Smith*, 2014 IL 115946, ¶ 37.

¶ 31    Defendant argues that because he did not know his petition had been dismissed, he did not know he was required to fashion his motion to amend as a motion for leave to file a successive postconviction petition. However, his brief does not contain any explanation as to why his initial

petition could not include the claims and allegations that he raised in the motion to amend. Defendant's motion to amend included claims alleging that the terms of his MSR and the search of his vehicle were unconstitutional and that the State committed a discovery violation. He further claimed he was denied his right to testify at trial and was provided ineffective assistance of counsel by Murphy, Weinberg, and his appellate counsel. All of these issues were known to defendant at the time he filed his initial postconviction petition. Moreover, defendant failed to argue in his brief on appeal that any of the claims in the motion to amend were meritorious, and has thus waived the argument that he was prejudiced by his inability to fashion the motion to amend as a motion for leave to file a successive petition. See *Smith*, 2015 IL 116572, ¶ 22 (any point not argued in an appellant's brief is waived).

¶ 32    Defendant also argues that the allegedly late notice of summary dismissal prejudiced him because he lost the opportunity to file a motion to reconsider the circuit court's summary dismissal order.

¶ 33    The purpose of a motion to reconsider is to present the court with newly discovered evidence, bring changes in the law to the court's attention, or point out an error in the court's previous application of law. *People v. Arze*, 2016 IL App (1st) 131959, ¶ 85.

¶ 34    We find that defendant has not demonstrated he was prejudiced by the inability to file a motion to reconsider. First, defendant only argues on appeal that his claim for ineffective assistance of counsel at plea bargaining was meritorious. Thus, he has waived any argument that the other claims in his initial petition were meritorious such that a motion to reconsider would have prevailed. *Smith*, 2015 IL 116572, ¶ 22. Next, as explained above, the claim for ineffective assistance of counsel at plea bargaining was frivolous and patently without merit and defendant

has not identified new evidence, a change in the law, or an error in the circuit court's application of existing law that would have rendered the claim viable in a motion to reconsider. It follows that defendant has not demonstrated he was prejudiced by the alleged failure of the circuit court to notify him of the summary dismissal within 10 days.

¶ 35    For the foregoing reasons, the circuit court's summary dismissal of defendant's postconviction petition is affirmed.

¶ 36    Affirmed.