THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEMETRIUS LEE, Defendant-Appellant.

First District (1st Division)    No. 1—01—1018

Opinion filed November 24, 2003.—Rehearing denied January 8, 2004.

Michael J. Pelletier and Robert Hirschhorn, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan Spellberg, Theodore F. Burtzos, and Hareena Meghani-Wakely, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNULTY delivered the opinion of the court:

In his postconviction petition Demetrius Lee presented two grounds for relief from a conviction and sentence imposed on him in 1990. The trial court in a written order gave a reason for rejecting one of the grounds, but the court purported to dismiss the entire petition. We hold that the failure to give reasons for dismissing one of the claims does not require reversal. Because we find that the petition fails to state the gist of a meritorious constitutional claim for relief from the judgment, we affirm the summary dismissal of the petition.

In 1989 a jury found Lee guilty of murder and attempted murder. The trial court sentenced him to 50 years in prison for murder and 30 years in prison for attempted murder, with the sentences to run consecutively. This court affirmed the conviction and sentences on direct appeal. *People v. Lewis*, 243 Ill. App. 3d 618, 627-29 (1993).

On November 14, 2000, Lee filed a *pro se* postconviction petition for relief from the judgment. He raised two separate due process claims in the petition. First, he alleged that the court imposed consecutive sentences based on findings of fact never charged and never submitted to the jury, in violation of rights explained in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Second, he argued that the indictment and verdict forms violated his rights because they combined accusations that he acted as a principal with accusations that he acted as an accessory. Lee appended to his petition a "MEMORANDUM OF LAW FOR APPRENDI ISSUE."

The trial court on January 19, 2001, entered a written order in which the court directly addressed and rejected Lee's claim that the consecutive sentences violated his constitutional rights. The court made no reference to the indictment and verdict forms, and the court said nothing about guilt as an accessory or a principal. But the court concluded:

"[T]he issues raised and presented by petitioner lack sufficient merit to withstand summary dismissal. Accordingly, the instant petition for post-conviction relief shall be and is hereby dismissed."

Lee filed a timely notice of appeal. He concedes on appeal that our supreme court, in *People v. Wagener*, 196 Ill. 2d 269 (2001), rejected an *Apprendi* argument effectively indistinguishable from the argument

he raised. The *Wagener* decision binds this court. Lee has preserved the issue for further review by higher courts.

To this court Lee argues that we must reverse the dismissal and remand for further proceedings because the trial court in its written order failed to address the contention that the indictment and the verdict forms deprived him of due process. We find that Lee misconstrues the nature of appellate review at this stage of postconviction proceedings.

■ The trial court dismissed the petition summarily, without appointing an attorney to assist Lee and without holding an evidentiary hearing. As Lee points out, our supreme court's decision in *People v. Coleman*, 183 Ill. 2d 366, 380-89 (1998), directs us to review *de novo* a judgment in this posture. On *de novo* review this court accepts as true all facts alleged in the petition unless the record of the trial contradicts those allegations. *Coleman*, 183 Ill. 2d at 381-82. This court then determines whether the petition shows the gist of a constitutional claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). In this determination no credibility issues arise. The trial court has no advantage over this court for deciding any pertinent issue. Therefore, we do not defer to the trial court's judgment. *Coleman*, 183 Ill. 2d at 388-89.

Although the trial court's reasons for dismissing a petition may provide assistance to this court (see *People v. Porter*, 122 Ill. 2d 64, 82 (1988)), we review the trial court's judgment and not the reasons given for the judgment (*Makowski v. City of Naperville*, 249 Ill. App. 3d 110, 115 (1993)). We will affirm the trial court on any basis supported by the record even if the trial court reasoned incorrectly. *Pryweller v. Cohen*, 282 Ill. App. 3d 899, 907 (1996). Errors in the trial court's assessment of the evidence or conclusions of law do not require reversal if the judgment is correct. See *Woodward v. Pratt, Bradford & Tobin, P.C.*, 291 Ill. App. 3d 807, 816 (1997). Thus, we will reverse summary dismissal of a postconviction petition if the petition states sufficient facts to show the gist of a constitutional claim, and we will affirm summary dismissal of the petition, regardless of the trial court's reasons for the dismissal, if the petition patently lacks merit.

■ Here, Lee's claim patently lacks merit. When statutes establish multiple methods of committing a single offense, principles of due process permit the court to instruct the jury in the disjunctive, and the jury may return a general verdict without deciding which of the multiple methods the defendant used to commit the single offense. *People v. Griffin*, 247 Ill. App. 3d 1, 13 (1993); *People v. Kulpa*, 102 Ill. App. 3d 571, 576 (1981). Thus, when prosecutors charged a defendant with aggravated criminal sexual assault, the court properly instructed the jurors to sign the verdict form if they found either that the

defendant committed a sexual assault and he inflicted bodily harm, or he committed a sexual assault and he threatened the victim's life, or he was over 17 years old and he committed an act of penetration on a victim younger than 13. Due process did not require separate verdict forms for each separate method charged for committing the single offense. *Griffin*, 247 Ill. App. 3d at 13. Similarly, the jurors may sign a verdict charging a defendant in the alternative as either a principal or an accessory guilty of the charged crime. *People v. Riley*, 99 Ill. App. 3d 244, 253 (1981). Due process does not require verdict forms distinguishing guilt as a principal from guilt as an accessory.

Neither does due process require the indictment to specify whether the prosecutor will prove the defendant guilty as a principal or as an accessory. *People v. Bates*, 16 Ill. 2d 290, 295 (1959). Indictments must apprise defendants of the offenses charged with sufficient precision to enable the defendants to prepare defenses and to allow pleading the judgments to bar future prosecutions. *People v. Alexander*, 93 Ill. 2d 73, 79 (1982). An indictment adequately informs a defendant of the charge where it specifies the offense alleged and that the defendant committed it in any of several closely associated ways. See *United States v. Dean*, 969 F.2d 187, 195 (6th Cir. 1992); *People v. Holliman*, 15 Ill. App. 3d 179 (1973) (abstract of op.). An indictment that charges the defendant with acting as a principal can support a verdict finding the defendant liable as an accessory. See *People v. Carlson*, 224 Ill. App. 3d 1034, 1045 (1992).

The indictment here enabled Lee to prepare his defense. Lee may plead this judgment as a bar to any future prosecution as either a principal or an accessory to the murder and attempted murder proved at trial. The indictment does not specify whether the prosecution sought to prove Lee guilty as a principal or as an accessory. The absence of such a specification did not deprive Lee of due process.

Lee's attorneys on appeal hypothesize that Lee intended to argue that the verdict forms in context could have misled jurors into believing that they had to find Lee liable if they found his codefendants guilty. The issue then appears to involve the adequacy of instructions. The trial record shows that the court instructed the jury appropriately on accountability and the need to consider the evidence against each defendant separately. Lee has alleged no reason to believe the jury ignored the instructions. While we do not find in Lee's *pro se* petition any allegations concerning accountability instructions, we hold here only that if Lee intended to make such an argument, that argument, viewed in light of the entire trial record, would also fail to state the gist of a meritorious constitutional claim.

Lee argues primarily that *People v. Rivera*, 198 Ill. 2d 364 (2001),

mandates reversal because the trial court gave no reasons for dismissing the part of the petition that alleged the court failed to submit separate verdict forms for principal and accessory liability. In *Rivera* the trial court summarily dismissed four of the six claims the defendant raised in his postconviction petition, and the court appointed an attorney to assist the defendant with presentation of his two remaining claims at the second stage of postconviction proceedings. The court held an evidentiary hearing and finally dismissed the petition based on its findings of fact related to the single claim. Our supreme court held that the trial court lacked authority to dismiss part of the petition while advancing other claims to the second stage of the proceedings. *Rivera*, 198 Ill. 2d at 374. If the court appoints an attorney to assist the defendant, the court must permit the attorney to present any claim, regardless of the claims presented in the *pro se* petition.

Here the trial court did not appoint an attorney to assist Lee with any of his claims, and the court did not advance any claim to the second stage of postconviction proceedings.

Lee contends that we must construe the order here as a partial dismissal because the trial court gave no reason for dismissing one of the claims. When we construe a trial court's orders we seek to determine the trial court's intention. *In re Marriage of Plymale*, 172 Ill. App. 3d 455, 459 (1988). We will construe the order to uphold its validity, if the wording of the order can support such a construction. *Plymale*, 172 Ill. App. 3d at 459.

The court here plainly intended to dismiss the entire petition, and the parties understood the order as a complete dismissal subject to immediate appellate review. Moreover, if we interpret the order as a partial dismissal, it is invalid, under the reasoning of *Rivera*. We find that the wording of the order does not compel the construction that Lee seeks. The court by the order dated January 19, 2001, dismissed the entire petition. Because the petition fails to state the gist of a meritorious constitutional claim for relief from the conviction and sentence, we affirm the trial court's decision to dismiss the postconviction petition summarily.

Affirmed.

O'MALLEY, P.J., and McBRIDE, J., concur.