2020 IL App (1st) 172241-U

No. 1-17-2241

Order filed August 28, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 11 CR 17775 |
| | ) | |
| JESSE A. ZUNO, | ) | Honorable |
| | ) | Geary W. Kull, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HALL delivered the judgment of the court.
Presiding Justice Hoffman and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Summary dismissal of defendant's *pro se* postconviction petition is affirmed over his contention that the circuit court did not read the entire petition and address each claim therein within 90 days.

¶ 2    Defendant Jesse A. Zuno appeals from the summary dismissal of his *pro se* petition for

relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2016)).[1] On

_____

[1] Defendant's name is also spelled Jessy in the record.

appeal, defendant contends this cause must be remanded for further proceedings because the circuit court failed to read the entire petition and rule on every claim therein. We affirm.

¶ 3    On August 19, 2013, defendant entered a plea of guilty to attempt murder (720 ILCS 5/8-4(a) (West 2012); 720 ILCS 5/9-1(a)(1) (West 2012)) and was sentenced to 31 years in prison. Defendant did not file a motion to withdraw the plea and vacate the judgment; rather, he filed a late notice of appeal, which this court allowed on February 25, 2014. We then dismissed defendant's appeal because although he was admonished in substantial compliance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001), he did not file a motion to withdraw his plea and vacate the judgment before filing an appeal. See *People v. Zuno*, 2015 IL App (1st) 140440-U.

¶ 4    On March 24, 2017, defendant filed a *pro se* postconviction petition, alleging that trial counsel was ineffective for failing to interview a witness, file a motion to suppress identification, and move to dismiss the charge of attempt first degree murder. The petition further alleged that defendant was not "substantially" admonished pursuant to Rule 605(c), and the cause should be remanded to the trial court for appointment of postplea counsel to assist defendant in "perfecting an appeal from his conviction." Defendant did not attach any affidavits to the petition.

¶ 5    On May 5, 2017, the circuit court summarily dismissed the petition. Specifically, the court stated that defendant "filed a handwritten petition" alleging "a lot of misconduct" and "ineffective conduct" by trial counsel. The court noted, however, that defendant's petition acknowledged he pleaded guilty and no "conduct that he complains of result[ed] in his plea," "affected his plea," or "coerced" his plea. Moreover, defendant did not "allege that he was given the wrong advice for his plea." Therefore, defendant's petition was "without merit and patently frivolous." The circuit

court's half-sheet entry for May 5, 2017, states "FRIVOLOUS & W/O MERIT DISMISSED." On September 22, 2017, this court granted defendant leave to file a late notice of appeal.

¶ 6 On appeal, defendant contends that the circuit court's "apparent failure" to read his entire petition requires remand for further proceedings under the Act. Specifically, defendant argues that the circuit court did not address all the issues raised in the petition when dismissing it.

¶ 7 The Act provides a procedural mechanism through which a defendant may assert a substantial denial of his constitutional rights in the proceedings which resulted in his conviction. 725 ILCS 5/122-1 (West 2016). At the first stage of a postconviction proceeding, the circuit court must independently review the petition within 90 days of filing, and taking the allegations as true, determine if the petition is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). "We ordinarily presume that the trial judge knows and follows the law unless the record indicates otherwise." *People v. Gaultney*, 174 Ill. 2d 410, 420 (1996).

¶ 8 A summary dismissal order impliedly denies all requests in the defendant's prayer for relief. *People v. Harris*, 224 Ill. 2d 115, 139 (2007). When entering a dismissal order, "the court is not required to provide a written response to each and every specific claim that is presented within a postconviction petition." *People v. Maclin*, 2014 IL App (1st) 110342, ¶ 27. Partial summary dismissals are not permitted by the Act, and if even one claim raised in a *pro se* postconviction petition is not frivolous or patently without merit, the entire petition must advance for further proceedings under the Act. *People v. Rivera*, 198 Ill. 2d 364, 370-71 (2001). Although partial summary dismissal is improper, the court's failure to address every claim in writing does not necessarily render a summary dismissal a partial dismissal. *People v. Lee*, 344 Ill. App. 3d 851,

855 (2003). This court reviews the summary dismissal of a postconviction petition *de novo. People v. Tate*, 2012 IL 112214, ¶ 10.

¶ 9       In the case at bar, defendant argues that because the circuit court did not explicitly discuss each claim raised in the *pro se* postconviction petition when dismissing it, this court cannot "presume" that the circuit court read the entire petition. We disagree. This is not a case where the circuit court entered a partial summary dismissal by determining that one of the claims in the petition must advance for further proceedings under the Act. Rather, the circuit court dismissed the entire petition as frivolous and patently without merit but did not address every claim raised in the petition in its dismissal orders.

¶ 10     *Lee* is instructive. In that case, the defendant raised two issues in his postconviction petition. In the order summarily dismissing the petition, the circuit court explained its reasons for rejecting one of the issues, but not the other. *Lee*, 344 Ill. App. 3d at 852. On appeal, the defendant argued that the cause must be remanded because the circuit court did not explain its reasons for dismissing the second issue in its written dismissal order, and this failure constituted an improper partial summary dismissal. *Id*. at 854-55.

¶ 11     This court rejected the defendant's argument, explaining that a judgment must generally be construed to give effect to the circuit court's intention and uphold its validity where supported by the wording of the judgment. *Id*. at 855. As none of the defendant's claims were advanced for further proceedings, the fact that the circuit court gave no reason for dismissing one of the petition's claims was not contrary to its plain intent to dismiss the entire petition. *Id.* In support of this conclusion, we further noted that the circuit court's written order stated that the petition was dismissed and "the parties understood the order as a complete dismissal subject to immediate

appellate review." *Id.* Therefore, the circuit court "plainly intended to dismiss the entire petition" and we declined to construe the order as a partial summary dismissal. *Id.*

¶ 12    Here, the circuit court noted that defendant's petition alleged "a lot of misconduct" or "ineffective conduct" by trial counsel. Although the circuit court did not expressly address defendant's claims that the trial court failed to substantially admonish him regarding the procedure for challenging his guilty plea and that he should have been appointed counsel to assist him in perfecting his direct appeal, the circuit court orally dismissed the petition as "without merit and patently frivolous" and entered a written order in the half-sheet to that effect. The written order further stated that the petition was dismissed and "off call."  As in *Lee*, the circuit court's oral and written dismissal orders in this case showed that it intended to dismiss the entire petition. We further note that defendant apparently understood that the circuit court's summary dismissal order was a final order subject to appellate review because he filed an appeal from that judgment. See *id*. ("the parties understood the [summary dismissal] order as a complete dismissal subject to immediate appellate review").

¶ 13    Defendant, however, relies on *Maclin* to argue that the circuit court's failure to organize its analysis of his petition's claims in the same order and with the same section headings as the petition suggests that it failed to review and address every claim.  We disagree.

¶ 14    In *Maclin*, the defendant argued on appeal from the summary dismissal of his postconviction petition that the circuit court erred in failing to address all the claims therein. *Maclin*, 2014 IL App (1st) 110342, ¶ 1. In rejecting the defendant's argument on appeal, this court noted that our supreme court has held that when a postconviction petition is summarily dismissed, the circuit court "impliedly denies all requests in the defendant's prayer for relief." *Id*. ¶ 27 (citing

*Harris*, 224 Ill. 2d at 139). Moreover, the circuit court's order in that case found that the issues presented in the defendant's petition were frivolous and patently without merit, did not limit its judgment to a specific claim or claims, and did not attempt to enter a partial dismissal. *Id*. We concluded that contrary to the defendant's argument, "the court is not required to provide a written response to each and every specific claim that is presented in a postconviction petition." *Id.* As further evidence that the circuit court considered every claim in the petition, we noted that the court used the petition's section headings to organize the dismissal order and the mere fact that the order did not "comment" on every sub-argument did not mean that the court failed to consider every claim. *Id*. ¶ 28

¶ 15    Thus, contrary to defendant's argument on appeal, the mere fact that the circuit court did not "address, individually, every argument" (see *id.*) raised in his postconviction petition when dismissing it does not constitute error or establish that the court failed to consider all of defendant's claims.

¶ 16    We are similarly unpersuaded by defendant's reliance on *People v. Sparks*, 393 Ill. App. 3d 878 (2009). In that case, which involved the summary dismissal of a postconviction petition, we expressed "concerns" because it was unclear from the record whether the circuit court considered a claim of actual innocence based on an attached affidavit. *Id.* at 886. Here, unlike in *Sparks*, all of defendant's claims were contained in the four corners of the petition and no affidavits in support were attached.

¶ 17    In this case, although the circuit court did not discuss every claim raised in the instant petition, the court stated that the petition was frivolous and patently without merit, dismissed the petition, and ordered the petition off call. The court's dismissal order therefore "impliedly" denied

all the claims raised in defendant's *pro se* postconviction petition (*Harris*, 224 Ill. 2d at 139), and we affirm that judgment.

¶ 18    For the forgoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 19    Affirmed.