NOTICE

Decision filed 04/07/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 190241-U

NOS. 5-19-0241, 5-19-0242 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | Nos. 13-CF-749, 14-CF-1327 |
| | ) | |
| DONALD FRIESE, | ) | Honorable |
| | ) | John J. O'Gara, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WHARTON delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the Illinois Department of Corrections treated the defendant's two consecutive sentences as a single term of imprisonment, and credited the defendant for each day he actually spent in custody as a result of the offenses for which he was sentenced, the circuit court did not err in denying the defendant's motion to clarify or to amend sentences, and since any argument to the contrary would be without merit, the defendant's appointed appellate counsel is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2    The defendant, Donald Friese, pleaded guilty to second degree murder and possessing contraband in a penal institution, both Class 1 felonies. He was sentenced to (mandatory) consecutive terms of imprisonment. There was no direct appeal. However, months after the sentencing, he filed a motion to clarify the sentences, seeking to have presentence custody credits granted against both of his sentences. He was unsuccessful, and now appeals. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded

1

that this appeal lacks merit, and on that basis, OSAD has filed a motion to withdraw as counsel (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)), along with a memorandum of law in support thereof. OSAD properly gave notice to the defendant, along with a copy of the *Finley* motion and memorandum. This court gave him ample opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel or why this appeal has substantial merit, but the defendant has not taken advantage of that opportunity. This court has examined OSAD's *Finley* motion and memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 3                                    BACKGROUND

¶ 4        In May 2013, in case No. 13-CF-749, the defendant was charged with first degree murder. 720 ILCS 5/9-1(a)(2) (West 2012). Specifically, he was accused of creating a strong probability of death or great bodily harm in performing the acts that caused the death of Mercedes Ferrarie-Troisi. The defendant was arrested for that offense on June 7, 2013, and placed in the St. Clair County jail. He remained incarcerated there, unable to post bond, through his sentencing hearing on July 28, 2016. On September 26, 2014, while in pretrial detention on the murder charge, the defendant allegedly possessed a razor blade. As a result, he was charged in case No. 14-CF-1327 with possessing contraband in a penal institution, a Class 1 felony. See 720 ILCS 5/31A-1.1(b), (d)(6) (West 2014). Pursuant to statute, "the sentence imposed upon conviction for the offense of possessing contraband in a penal institution shall be served consecutively to the sentence imposed for the offense in which the person is *** serving pretrial detention." 730 ILCS 5/5-8-4(d)(10) (West 2014).

2

¶ 5    In November 2014, the defendant was brought to trial for first degree murder. A jury found him guilty. However, in May 2015, the circuit court, on motion of the defendant, vacated the jury verdict and granted a new trial.

¶ 6    The new trial was never held. On July 11, 2016, in cause No. 13-CF-749, the State again charged the defendant in the death of Mercedes Ferrarie-Troisi, this time with second degree murder, a Class 1 felony. See 720 ILCS 5/9-2(a)(1), (d) (West 2012). The State, the defendant, and defense counsel then appeared before the circuit court. The State announced the following plea agreement: in case No. 14-CF-1327, the defendant would plead guilty to possessing contraband in a penal institution, and he would be sentenced to imprisonment for a term of 4 years, plus mandatory supervised release (MSR) for a term of 2 years, and in case No. 13-CF-749, he would plead guilty to second degree murder, while the (original) charge of first degree murder would be dismissed, and he would be sentenced to imprisonment for a term of not less than 4 years and not more than 20 years (*i.e.*, the statutory term of imprisonment), plus 2 years of MSR. The State further announced that the sentence for second degree murder would be served consecutively to the sentence for possessing contraband in a penal institution. Both defense counsel and the defendant agreed that those were the agreed terms. The court informed the defendant that it would bind itself to the agreement.

¶ 7    Then, the court admonished and questioned the defendant in substantial compliance with Illinois Supreme Court Rule 402(a), (b) (eff. July 1, 2012), and it heard, and determined that there was, a factual basis for the two pleas. See Ill. S. Ct. R. 402(c) (eff. July 1, 2012). The court found that the defendant's guilty pleas would be knowing and voluntary. In response to the court's questions, the defendant pleaded guilty to possessing contraband in a penal institution and to

3

second degree murder. The court accepted those guilty pleas and entered judgment thereon. The court ordered a presentence investigation report and scheduled a sentencing hearing.

¶ 8　　At the sentencing hearing on July 28, 2016, the court recalled the agreed-upon sentence for possessing contraband in a penal institution—imprisonment for four years and MSR for two years, with the sentence for second degree murder to be served consecutively. The defendant indicated his understanding. The two parties presented witness testimony and other evidence in regard to the second degree murder count. The parties made their arguments, and the defendant made a statement in allocution, expressing his regret. Afterward, the court imposed a 4-year term of imprisonment for possessing contraband in a penal institution, and a 12-year term for second degree murder, with the sentences to run consecutively, to be followed by MSR for 2 years. The court then admonished the defendant in accordance with Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001).

¶ 9　　That same day, the court entered written judgments of conviction and sentence in each of the two cases. The written judgment in case No. 14-CF-1327, for possessing contraband in a penal institution, accurately reflected the four-year term of imprisonment and the two-year MSR term. In addition, it specified that the defendant was entitled to receive credit against his four-year prison sentence "for time actually served in custody *** from *** 9/26/14 to present." The written judgment in cause No. 13-CF-749, for second degree murder, accurately reflected the 12-year term of imprisonment and the 2-year MSR term, and it accurately reflected that this prison sentence was consecutive to the sentence imposed in case No. 14-CF-1327. In addition, it specified that the defendant was entitled to receive credit against his 12-year prison sentence "for time actually served in custody *** from *** 6/07/13 to present."

¶ 10　　The defendant did not file a motion to withdraw plea. He did not pursue a direct appeal.

4

¶ 11　However, on November 10, 2016, the defendant filed in both of his cases a *pro se* "defendant's nunc pro tunc motion," asking the court to order the Illinois Department of Corrections (IDOC) "to give the defendant the time served while he was awaiting trial in St. Clair County jail." According to the defendant, IDOC's calculation worksheet showed that he had not received "the total amount of jail time credit this court has ordered."

¶ 12　On January 12, 2017, the defendant filed a *pro se* "motion to clarify sentence and credit for time previously served." In this motion, the defendant cited to the two written judgments of conviction and sentence, noting that in cause No. 13-CF-749, he was supposed to receive credit for presentence incarceration from June 7, 2013, to July 28, 2016, or "36 months and 27 days," and in cause No. 14-CF-1327, he was supposed to receive credit for presentence incarceration from September 26, 2014, to July 28, 2016, or "22 months and 2 days." Adding these two time periods together, the defendant calculated that he was supposed to receive a total credit of "58 months and 29 days." Nevertheless, the defendant concluded, the IDOC had credited him for only "36 months and 27 days." He asked the court to inform the prison that he was entitled to a credit of "58 months and 29 days."

¶ 13　On March 7, 2017, the defendant filed, by appointed counsel, a "motion to clarify and/or modify sentence." The motion noted that in the sentencing order entered on July 28, 2016, the court had stated that the defendant was to receive credit toward his prison sentence for the time he was incarcerated in the county jail, and that he was to receive the credit "on both cases" to which he had pleaded guilty on July 11, 2016. The motion went on to say that the IDOC had informed the defendant that he would not be receiving credit against his prison sentence in case No. 14-CF-1327. For relief, the motion sought either (1) a clarification order for the IDOC or (2) a modified sentencing order to reflect the court's "original intent."

¶ 14 On March 22, 2017, the defendant, defense counsel, and an assistant state's attorney appeared in court for a hearing on the defendant's motion of March 7, 2017. Defense counsel began by saying, "Judge, we're really here to clarify the sentencing order of July 28, 2016." Defense counsel noted that in case No. 13-CF-749, the defendant had been sentenced for second degree murder to a term of 12 years of imprisonment with "credit to be given for time served in the St. Clair County Jail since June 7th, 2013," while in case No. 14-CF-1327, he had been sentenced for possessing contraband in a penal institution to a consecutive 4-year term of imprisonment with "credit for time served when that Criminal Information was filed, which was September 26th, 2014." Because the two offenses "had independent credit for time served dates," defense counsel thought that the court had intended to award "credit for time served on each offense." Nevertheless, defense counsel reported, the IDOC had informed the defendant "that they have no intention of giving him credit for time served on the contraband case." Defense counsel requested that the court enter either (a) an order "to modify the [IDOC's] actions" or (b) an order that "reflect[s] the number of days the Court intended [the defendant] to serve." In response, the assistant state's attorney cited *People v. Latona*, an Illinois Supreme Court case from 1998, in support of his argument that awarding a presentence credit for each of the two consecutive sentences results in an impermissible "double credit" for the defendant. The State indicated that *Latona* was "dispositive."

¶ 15 The court, addressing defense counsel, opined that, "it seems like you're wanting to double-dip that." Defense counsel replied, "And to a degree, I suppose so, Judge." The court took the matter under advisement.

¶ 16　On February 28, 2018, in case Nos. 13-CF-749 and 14-CF-1327, the circuit court entered a short-written order.  It stated only that "upon review," the defendant "is granted one year, nine months and 28 days credit time served."

¶ 17　Subsequently, the defendant filed a *pro se* motion for a rule to show cause.  The defendant explained that he had shown the order entered on February 28, 2018, to certain prison officials, but those officials had said that they would not obey the order and would not give the defendant any additional presentence credit.

¶ 18　On May 2, 2019, again in both cases, the circuit court entered a short-written order finding that the order of February 28, 2018, had been entered in error, and vacating it.  The court went on to state that the order of July 28, 2016, "accurately reflected" the consecutive nature of the two sentences and that, "accordingly, [the] sentence in 13-CF-749 shall run consecutive to the sentence in 14-CF-1327."  The defendant perfected an appeal from this order.

¶ 19　　　　　　　　　　　　　　ANALYSIS

¶ 20　The defendant appeals from the circuit court's (apparent) denial of his motion to clarify or to amend sentence.  In his motion, the defendant essentially asked whether he had received the correct number of days of presentence custody credit against his two consecutive prison sentences.  This court reviews such a question *de novo*.  *People v. Jones*, 2015 IL App (4th) 130711, ¶ 12.  That is, this court performs the same analysis that the circuit court would perform.  *People v. Tyler*, 2015 IL App (1st) 123470, ¶ 151.  It may affirm on any ground substantiated by the record, regardless of the reasoning employed by the circuit court.  *People v. Lee*, 344 Ill. App. 3d 851, 853 (2003).

¶ 21　When a court sentences a defendant to consecutive terms of imprisonment for two felony offenses, as it did in the instant case, the IDOC "shall treat the defendant as though he or she had

7

been committed for a single term." 730 ILCS 5/5-8-4(g) (West 2016). So, the instant defendant's 4-year prison term for possessing contraband, followed consecutively by his 12-year term of imprisonment for second degree murder, requires the IDOC to treat the defendant as though he had been committed for a single 16-year term. Furthermore, the defendant shall be credited against that single term "for all time served in an institution since the commission of the offense or offenses and as a consequence thereof." *Id.* § 5-8-4(g)(4). "Since consecutive sentences are to be treated as a single term of imprisonment, it necessarily follows that defendants so sentenced should receive but one credit for each day actually spent in custody as a result of the offense or offenses for which they are ultimately sentenced." *People v. Latona*, 184 Ill. 2d 260, 271 (1998).

¶ 22    The defendant was held in presentencing custody for second degree murder from June 7, 2013, until his July 2016 sentencing hearing, and he was held in presentencing custody for possessing contraband from September 26, 2014, until that selfsame sentencing hearing. Therefore, from September 26, 2014, until sentencing, the defendant was held on both charges. However, for each one of those days—*i.e.*, for each day of the overlap—the defendant actually spent just one day in custody, not two days. "[T]o allow an offender sentenced to consecutive sentences two credits—one for each sentence—not only contravenes the legislative directive that his sentence shall be treated as a 'single term' of imprisonment, but also, in effect, gives that offender a double credit, when the sentences are aggregated, for each day previously served in custody. That cannot be what the legislature intended." *Id.*; see also *People v. Inman*, 2014 IL App (5th) 120097, ¶ 26 ("when consecutive sentences are imposed, all time spent in custody is credited only once against the aggregate term of the consecutive sentences").

8

¶ 23                                    CONCLUSION

¶ 24     The IDOC correctly treated the defendant's 4-year and 12-year consecutive terms of imprisonment as though the defendant had been committed to a single 16-year term of imprisonment. It then credited him for each day that he served in the St. Clair County jail prior to sentencing. The circuit court recognized the propriety of the IDOC's actions by denying the defendant's motion to clarify or to amend sentence. Any argument to the contrary would lack merit. Accordingly, the defendant's appointed counsel on appeal, OSAD, is granted leave to withdraw, and the judgment of the circuit court is affirmed.


¶ 25     Motion granted; judgment affirmed.