NOTICE

Decision filed 06/01/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 190278-U

NO. 5-19-0278

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Saline County. |
| | ) | |
| v. | ) | No. 00-CF-277 |
| | ) | |
| DANIEL G. HEDGER, | ) | Honorable |
| | ) | Cord Z. Wittig, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Barberis and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the defendant did not satisfy the "cause" prong of the cause-and-prejudice test, the circuit court did not err in denying him leave to file a successive postconviction petition, and since any argument to the contrary would lack merit, the defendant's appointed counsel on appeal is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2    The defendant, Daniel G. Hedger, appeals from the "[d]enial of defendant's petition for post-conviction relief," in the words of his notice of appeal. The circuit court had viewed the defendant's pleading as a motion for leave to file a successive postconviction petition, and the court denied that motion. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit. Accordingly, OSAD has filed a motion to withdraw as counsel for the defendant (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)) along with a brief in support of the motion. OSAD has provided the defendant with a copy

1

of its *Finley* motion and brief.  This court has provided him with ample opportunity to file a written *pro se* brief, memorandum, etc., responding to OSAD's motion or explaining why this appeal has merit.  The defendant has not filed any sort of response.  Having read OSAD's *Finley* motion and brief, and having examined the record on appeal, this court concludes that the instant appeal does indeed lack merit.  There is no potential ground for appeal.  Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 3                                    BACKGROUND

¶ 4      Twenty years ago, in 2002, the circuit court found the defendant guilty of first degree murder.  The victim was the defendant's infant daughter, Dakota Jean Hedger.  Later that same year, the court sentenced the defendant to natural life imprisonment, under the mistaken impression that a natural-life sentence was mandatory under statute.  In the direct appeal, this court vacated the life sentence and remanded the cause for resentencing.  *People v. Hedger*, No. 5-02-0652 (2004) (unpublished summary order under Illinois Supreme Court Rule 23(c)).  Upon remand— specifically, on July 30, 2004—the circuit court resentenced the defendant to imprisonment for a term of 30 years.  Notably, the defendant did not pursue a direct appeal from that July 30, 2004, judgment of conviction.  However, he attempted several collateral attacks on the judgment, some of which are described hereafter.

¶ 5      On August 13, 2007, the clerk of the circuit court file-stamped the defendant's first *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2006)).  The defendant acknowledged that his postconviction petition was mailed to the clerk of the court beyond any timeframe specified in the Act.  (This court notes that the petition was placed into the prison mail system several days after the three-year anniversary of the defendant's July 30, 2004, resentencing.)  See 725 ILCS 5/122-1(c) (West 2006) (if a defendant does not file a

2

direct appeal, his postconviction petition must be filed "no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence"). However, he alleged that prison conditions (lockdowns, lack of access to the prison library, etc.) made a timely filing impossible. Substantively, the defendant raised approximately nine distinct postconviction claims. (Actual innocence was not among those claims.)

¶ 6     In November 2007, the State filed a motion to dismiss the defendant's postconviction petition, on the ground that it was not timely filed. The State stated that the defendant had failed to show a lack of culpable negligence.

¶ 7     On May 5, 2008, the circuit court entered an order denying leave to file a late postconviction petition. The order stated that the defendant had had the ability to file postconviction claims within three years after entry of the judgment, but chose not to file within that timeframe. Given the defendant's failure to show a lack of culpable negligence for the late filing, the court granted the State's motion to dismiss, without discussing the merits of the petition's claims. On appeal, this court affirmed, also without addressing the merits of the claims. *People v. Hedger*, No. 5-08-0262 (Feb. 3, 2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8     In April 2010, the defendant filed a *pro se* motion for leave to file a successive postconviction petition. (It was his first such motion.) He sought to raise the same claims that he had raised in his first postconviction petition, filed in August 2007. In addition, he argued that he had established cause and prejudice for a successive petition. In June 2010, the circuit court denied the defendant leave to file a successive petition, on the ground that he had failed to show cause for his failure to bring the claim in his initial postconviction proceeding. The court did not discuss the

3

merits of the proposed postconviction claims. On appeal, this court affirmed, also without discussing the merits of the claims. *People v. Hedger*, 2012 IL App (5th) 100545-U.

¶ 9 In November 2010, the defendant filed a section 2-1401 petition for relief from judgment. See 735 ILCS 5/2-1401 (West 2010). In August 2013, the court dismissed the section 2-1401 petition. The defendant appealed. He argued, for the first time, that some of the assessments imposed upon him by the clerk of the circuit court were actually fines, which the circuit clerk was not authorized to impose. This court reversed the circuit court's dismissal order, vacated "the fines imposed by the circuit clerk," and remanded the matter "for the circuit court to impose fines in conformity with this order." *People v. Hedger*, 2016 IL App (5th) 130384-U, ¶ 19. On remand from this court—and specifically on June 10, 2016—the circuit court issued a "supplemental sentencing order" that imposed certain fines on the defendant. The circuit court thus fulfilled the mandate of this court.

¶ 10 On March 29, 2019, the defendant filed a "Leave to File and Petition for Post-Conviction Relief." This pleading is the subject of the instant appeal. The defendant began his petition by stating that, for purposes of the Act, his "date of conviction" was June 10, 2016—the date that the circuit court imposed fines on the defendant, in fulfillment of this court's mandate—and not July 30, 2004, which was the date that the circuit court sentenced him to imprisonment for 30 years. A fine, the defendant pointed out, is a punishment imposed upon a defendant as a part of his criminal sentence, and therefore, he argued, his sentence was not made complete, and the judgment in his case was not made final, until the court imposed those fines on June 10, 2016. Accordingly, the defendant continued, the instant petition must be considered his first postconviction petition; it cannot properly be deemed a successive petition. After addressing this matter of the date of his conviction, and whether his postconviction petition should be considered an original or a

4

successive petition, the defendant went on to present (no fewer than) 19 postconviction claims, several of which were repeated from previous filings. None of those 19 claims concerned the proceedings that resulted in the court's June 10, 2016, "supplemental sentencing order," the order in which the circuit court imposed the fines on the defendant. Also, none of those claims was a due process actual-innocence claim.

¶ 11    On June 24, 2019, the circuit court entered an order that denied the defendant leave to file a successive postconviction petition and dismissed his "Leave to File and Petition for Post-Conviction Relief." The court stated, *inter alia*, that the defendant had failed to satisfy the cause-and-prejudice test for filing a successive petition. The defendant filed a timely notice of appeal, thus perfecting the instant appeal. The circuit court appointed OSAD to represent the defendant.

¶ 12                                   ANALYSIS

¶ 13    This appeal is from the circuit court's order that denied the defendant leave to file a successive postconviction petition and dismissed his "Leave to File and Petition for Post-Conviction Relief." The circuit court treated that petition as a motion for leave to file a successive postconviction petition. As previously mentioned, the defendant's appointed attorney on appeal, OSAD, has filed a *Finley* motion to withdraw as counsel, and the defendant has not filed any sort of response thereto. An order denying leave to file a successive petition is reviewed *de novo*. *People v. Wrice*, 2012 IL 111860, ¶ 50. It may affirm on any ground substantiated by the record, regardless of the reasoning employed by the circuit court. *People v. Lee*, 344 Ill. App. 3d 851, 853 (2003).

¶ 14    The Act (725 ILCS 5/122-1 *et seq.* (West 2018)) provides a procedural mechanism by which a criminal defendant may assert that his conviction was the result of a substantial denial of his constitutional rights. 725 ILCS 5/122-1(a) (West 2018); *People v. Delton*, 227 Ill. 2d 247, 253

(2008). A postconviction proceeding begins with the defendant's filing a petition with the clerk of the court in which the conviction took place. 725 ILCS 5/122-1(b) (West 2018). The Act contemplates the filing of a single petition in any particular criminal case, and a defendant must obtain leave of court to file a successive petition. 725 ILCS 5/122-1(f) (West 2018); *People v. Lusby*, 2020 IL 124046, ¶ 27. The circuit court must grant such leave only if the defendant (1) "shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings," and (2) "shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2018). The defendant is required to satisfy both prongs of this cause-and-prejudice test if he is to obtain leave to file his successive postconviction petition. *People v. Guerrero*, 2012 IL 112020, ¶ 15. A failure to establish either of the two prongs will result in a denial of leave to file the successive petition. See *People v. Brown*, 225 Ill. 2d 188, 207 (2007) (if one prong of the cause-and-prejudice test has not been established, the other prong need not be considered).

¶ 15 The defendant began his "Leave to File and Petition for Post-Conviction Relief" with an assertion that, for purposes of the Act, his "date of conviction" was June 10, 2016—the date that the circuit court entered the "supplemental sentencing order" imposing certain fines on the defendant—and not July 30, 2004, which was the date that the circuit court sentenced him to imprisonment for 30 years. For that reason, the defendant argued, his petition, filed in March 2019, should be treated as his first-ever postconviction petition, and not as a successive petition. This argument cannot be correct.

¶ 16 The defendant was sentenced on July 30, 2004; that was the defendant's "date of conviction" under the Act. See *People v. Woods*, 193 Ill. 2d 483, 489 (2000) (a defendant's "date

6

of conviction" under the Act is the date the defendant was sentenced).   The "supplemental sentencing order" that was entered on June 10, 2016, represented the circuit court's fulfillment of this court's mandate in *People v. Hedger*, 2016 IL App (5th) 130384-U.  In that appeal, this court reversed the circuit court's section 2-1401 petition, vacated "the fines imposed by the circuit clerk," and remanded the matter "for the circuit court to impose fines in conformity with this order."  This court did not vacate the defendant's sentence, and it did not remand the cause for resentencing, as this court did, 18 years ago, in the defendant's direct appeal in *People v. Hedger*, No. 5-02-0652 (2004).  Because this court did not vacate the defendant's sentence in *People v. Hedger*, 2016 IL App (5th) 130384-U, his sentencing date, and his "date of conviction" under the Act, remained (and remains) July 30, 2004.  *Cf. People v. Hager*, 202 Ill. 2d 143, 149-50 (2002) (where the appellate court vacated the defendant's sentence and remanded for a new sentencing hearing, the defendant's conviction was not final).

¶ 17    The defendant did not file a direct appeal after the resentencing on July 30, 2004. Therefore, he had a limitations period of three years, from that date, in which to file a postconviction petition, unless he showed a lack of culpable negligence.  See 725 ILCS 5/122-1(c) (West 2016) ("If a defendant does not file a direct appeal, the post-conviction petition shall be filed no later than 3 years from the date of conviction, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence.").  He did not file a postconviction petition within the three-year timeframe, which expired on July 30, 2007.  However, he did submit a late postconviction petition in August 2007, and he submitted a petition for leave to file a successive postconviction petition in April 2010.  Each time, the defendant failed to win the circuit court's permission to file the petition, and each time this court affirmed the decision.  See *People v. Hedger*, No. 5-08-0262 (Feb. 3, 2010), and *People v. Hedger*, 2012 IL App (5th) 100545-U.

¶ 18     Then in March 2019, the defendant filed the subject of the instant appeal, his "Leave to File and Petition for Post-Conviction Relief."  Due to the defendant's misguided belief that his "date of conviction" had been reset to June 10, 2016, and that the petition therefore should be treated as his first-ever postconviction petition, the defendant did not bother to explain why he did not raise his claims during his initial postconviction proceeding, the one that began in August 2007 with the filing of the late postconviction petition.  In other words, he did not show "cause" for his failure to present the claims earlier.  He did not feel that he needed to show cause.  Because the defendant did not show cause, the circuit court did not err in denying him leave to file a successive petition.  It had no other choice under the Act.

¶ 19                                        CONCLUSION

¶ 20     Due to the defendant's misguided belief that his "Leave to File and Petition for Post-Conviction Relief" had to be treated as an initial postconviction petition, and could not properly be deemed a successive postconviction petition, the defendant did not even attempt to satisfy the "cause" prong of the cause-and-prejudice test.  Therefore, the court could not have erred in denying leave to file a successive petition.  Any argument to the contrary would lack merit.  Therefore, OSAD's *Finley* motion is granted, and the judgment of the circuit court is affirmed.

¶ 21     Motion granted; judgment affirmed.